STATE of Missouri, Respondent,

v.

Raymond Kenneth SIMPSON, Jr., Appellant.

No. 55880.

Supreme Court of Missouri, Division No. 2.

Sept. 13, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 11, 1971.

John C. Danforth, Atty. Gen., Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; John J. Cosgrove, Kansas City, of counsel.

HENLEY, Judge.

Raymond Kenneth Simpson, Jr., (hereinafter defendant) appeals from his conviction of second degree murder for which he was sentenced to life imprisonment. Sections 559.020 and 559.030, RSMo 1969, V. A.M.S. We affirm.

The sole ground of his appeal is that " * * * [t]he court erred in not instructing the jury that the defendant should be acquitted if they believe the deceased was killed as the result of an accidental shooting."

The evidence is that late in the afternoon of January 25, 1970, defendant and a friend drove to the King Louie Lanes bowling alley in Kansas City, Missouri, parked the friend's car in the bowling alley's adjoining parking lot and went in to play pool; that they left the bowling alley at about 8:30 p. m., and went to the parking lot; that en route to the car defendant saw and decided to steal a tape record player in a parked Chevrolet; that while defendant was in the process of removing the tape player, he was seen by a bowling alley patron who informed its manager of the theft in process; that Harold Hees, an employee of the bowling alley, immediately went to the parking lot where he found the Chevrolet with its passenger-side door open and defendant, armed with a revolver, partially inside and partially outside the car in the process of removing the tape player; that as Mr. Hees was trying to pull defendant out of the car they struggled and defendant shot and killed Mr. Hees, and fled the scene.

Defendant testified that he and his friend decided to steal the tape record player; that the friend handed him a revolver which he stuck in his belt; that he got in the car, disconnected the tape player from the dashboard, and as he was in the process of pulling it loose, Mr. Hees grabbed him by his shirt and said, "What

are you doing in there", and started pulling him out; that he was scared; that they struggled and he tried to push Mr. Hees away so he " * * * could run"; that in the struggle Mr. Hees saw the revolver in his (defendant's) belt and reached for it, but he beat him to it, grabbed the handle and put his finger on the trigger; that as he pulled it from his belt, Mr. Hees grabbed the barrel, and the gun fired, striking Mr. Hees in the chest.

Defendant contends that his testimony required the court to give an instruction on excusable homicide by reason of accident.

The same point was raised in State v. Browning, Mo., 442 S.W.2d 55. In that case, Browning and others were guests at a private party. As the party "broke up", Browning discovered that his coat was missing. He announced that he would permit no one to leave until his coat was found and he enforced this announcement by pulling out his pistol and pointing it at the guests. Decedent, one Bell, announced that he would leave and "lunged" at Browning. As Bell reached for the pistol, Browning " * * * pulled his hand back to keep Bell from grabbing the pistol and the gun went off." This court said "In holding the guests at bay and pointing the gun at Bell and others defendant was engaged in unlawful acts. By his own admission he was, in the presence of several persons, exhibiting a firearm, a deadly weapon, in a rude, angry or threatening manner, in violation of § 564.610, RSMo 1959, V.A.M.S., which makes that offense a graded felony. By his own admission he was guilty of false imprisonment, by depriving the guests at the party of their liberty. He was committing unlawful acts by unlawful means. An accidental killing does not constitute excusable homicide within the meaning of § 559.050 if the homicide was perpetrated in the commis-

sion of an unlawful act. State v. Grant, Mo.Sup., 372 S.W.2d 9 [2] fn. 1; State v. Aitkens, 352 Mo. 746, 179 S.W.2d 84 [19]. * * *.

"In determining whether appellant was entitled to an instruction on accidental homicide we recognize that the defense of excusable homicide is not restricted to situations described in the two clauses of § 559.050, supra. The following section, § 559.060, directs an acquittal if a homicide is excusable either under a statute *or* the common law. See State v. Aitkens, supra, 179 S.W.2d l.c. 91. Under the common law, however, as well as under the statute, in order for a homicide to be excusable the perpetrator must have acted without wrongful purpose while engaged in a lawful enterprise and without negligence on his part. 26 Am.Jur. Homicide § 220; 40 C.J.S. Homicide § 112 b. * * *" 442 S.W.2d at 57.

Cases cited by defendant,[1] and State v. Ameen, Mo., 463 S.W.2d 843, cited by the State, are not applicable to the facts in this case.

Defendant was not entitled to an instruction on excusable homicide. His testimony demonstrates that he was caught in the act of attempting to steal from an automobile and that he shot his captor in his effort to effect his escape. The homicide was perpetrated while he was engaged in an unlawful act. The court did not err in failing to give an instruction on excusable homicide.

The judgment is affirmed.

MORGAN, P. J., and DONNELLY, J., concur.

FINCH, J., not sitting.

1. State v. Haygood, Mo., 411 S.W.2d 230; State v. Malone, Mo., 301 S.W.2d 750; State v. Vincent, Mo., 321 S.W.2d 439.