Homer GINNINGS, Movant-App.,

v.

STATE of Missouri, Respondent.

No. 57791.

Supreme Court of Missouri, Division No. 2.

March 11, 1974.

J. W. Grossenheider, Lebanon, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Assist. Atty. Gen., St. Louis, for respondent.

DONNELLY, Chief Justice.

Appellant, Homer Ginnings, was convicted of murder in the first degree by a jury in the Circuit Court of Laclede County, Missouri, and his punishment was assessed at life imprisonment. On appeal to this Court, the judgment of conviction was affirmed. State v. Ginnings, 466 S.W.2d 675 (Mo.1971).

Appellant thereafter filed a motion to vacate under Rule 27.26, V.A.M.R., and an evidentiary hearing was held on October 4, 1971. The motion to vacate was denied and an appeal to this Court followed.

■ The notice of appeal was filed March 3, 1972. This Court does not have jurisdiction of this case under Mo.Const. Art. V, § 3, V.A.M.S. Parks v. State, 492 S.W.2d 746 (Mo. banc 1973). We retain and decide the case, however, under authority of Mo.Const. Art. V, § 10 and Foremost-McKesson, Inc. v. Davis, 488 S. W.2d 193, 196 (Mo. 1972).

■ Appellant's first contention on appeal is that:

"The court erred in sustaining challenges for cause by defendant's attorney of jurors who were qualified as to the death penalty and indicated they could not sit as fair and impartial jurors and find the defendant guilty if a death penalty might be imposed; thereby depriving defendant of his rights under the 6th, 8th and 14th Amendments to the United States Constitution and Article I, Section 18(a), Missouri Constitution, 1945, in that he was subjected to trial by a jury that was prosecution prone and thereby deprived of a trial by an impartial jury and denied the due process of law to which he is entitled and faced with the possibility of cruel and unusual punishment being imposed upon him."

In our opinion, appellant's first contention is without merit. In Witherspoon v. Illinois, 391 U.S. 510, 522, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), the United States Supreme Court held "that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction." The thrust of appellant's contention is "that he was subjected to trial by a jury that was prosecution prone and thereby deprived of a trial by an impartial jury and denied the due process of law to which he is entitled. . . ." This assertion is answered in State v. Haynes, 482 S.W.2d 444, 446–447 (Mo.1972) as follows:

"In Witherspoon the death penalty had been imposed and the Court held unconstitutional an Illinois statute which provided, in substance, that conscientious scruples against capital punishment or the fact that one 'is opposed to same' should be cause for challenge. The Court stated that the case did *not* involve the exclusion of jurors who say that they 'would refuse even to consider' the death penalty. In Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, decided on the same day, the Court held expressly that the Witherspoon rule did not apply where defendant had received a life sentence and not death. The Court there also declined to hold that such a jury would be biased as to *guilt*, although inquiry had been made and certain members excused because they had conscientious scruples against imposing the death penalty or were opposed to capital punishment. In fact, the Court in Witherspoon reached that same conclusion, and reversed only as to the penalty.

"Missouri has followed the Bumper ruling (or the principle announced) several times. State v. Richards, Mo., 467

**424**

S.W.2d 33; State v. Quinn, Mo., 461 S.W.2d 812; State v. Pollard, Mo., 447 S.W.2d 249; State v. Coyne, Mo., 452 S.W.2d 227. It is unnecessary to consider these cases individually, for the rule in Missouri is settled. Defendant says that this jury was 'stacked and conditioned' to a verdict of guilty. The cases hold to the contrary. Witherspoon, Bumper, Quinn."

Appellant's second contention on appeal is that:

"The court erred in permitting the defendant to be tried under Section 559.-030, RSMo 1969, because the death penalty permitted by the statute contravenes his rights under the 5th, 6th, 8th and 14th Amendments to the United States Constitution, in that the death penalty constitutes cruel and unusual punishment, coerces a guilty plea and thus deprives the accused of his right to a jury trial and of his right *not* to plead guilty."

■ In our opinion, appellant's second contention is without merit. Appellant was given the right to enter a plea of *not* guilty and stands convicted by a jury. Appellant's punishment was assessed at life imprisonment and not death. In Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court ruled that the death sentence may not be imposed under statutes like § 559.030, RSMo 1969, V.A.M.S. Life imprisonment, however, remains a permissible punishment under the statute, and the statute, insofar as it permits life imprisonment, was not affected by the Furman case. In fact, since the holding in Furman, supra, this Court has consistently reduced death sentences to life imprisonment. State v. Granberry, 484 S.W.2d 295, 301 (Mo. banc 1972); State v. Cuckovich, 485 S.W.2d 16, 28 (Mo. banc 1972), and State v Ford, 495 S.W.2d 408, 418 (Mo. banc 1973).

We hold that the findings and conclusions of the trial court are not erroneous. The judgment is affirmed.

All concur.