STATE of Missouri, Respondent,

v.

Tyrone Lee WALKER, Appellant.

No. 35874.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 8, 1975.

Bell, Wilson, Harris & Kirksey, by James A. Bell, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Tyrone Lee Walker, charged with murder in the first degree, was found guilty by a jury of murder in the second degree and sentenced to the custody of the Missouri Department of Corrections for a term of eighteen years.

Appellant does not challenge the sufficiency of the evidence. We need only relate that from the evidence a jury reasonably could find that on September 9, 1971, appellant shot and killed Sylvester Nelson. We affirm.

Appellant first contends that the trial court erred in failing to instruct the jury on the issue of self-defense.

The only witness for the State who testified concerning the shooting was Eddie Roberts. He stated that appellant got out of an automobile and called to Sylvester Nelson to "come here." When they met at about the middle of the street "Tyrone put his arms on Sylvester some kind of way like he was hugging him or something, and then he had a pistol in his right back there, and he pulled it out he did him like that (indicating), you know, and shot him twice, and told him, 'I don't play.'"

Appellant relies on the testimony of Monir Aziz, the only defense witness. He testified that appellant had picked him up in his automobile, and that they parked on Ewing near its intersection with Park Street when Sylvester Nelson and a "couple of more fellows" drove up. "Sylvester got out of the car and hollered over something at Tyrone. He was walking toward the car where we was sitting with his hand in his pocket, and when he got over there he grabbed the car and opened the door. He grabbed Tyrone around the neck and they got out and Tyrone, you know—he fell out of the car, and they was wrestling and, you know, when they was wrestling some shots went off." Aziz further testified that he never saw a gun or knife, that while they were wrestling they were "sort on the side of each other," that neither said a word, and that "both of Tyrone's hands were around Sylvester."

The trial court instructed the jury on excusable homicide by reason of an accident. We note that although appellant objected to that instruction, without giving any reason therefor, he made no assignment in his motion for new trial pertaining to the instruction, and he does not assert on this

appeal that the giving of the instruction was error.

◼ The defenses of self-defense and accident are inconsistent, and the "defendant alone may not provide the basis for submitting such inconsistent defenses to the jury." *State v. Randolph,* 496 S.W.2d 257 (Mo. banc 1973). If the shots were fired in self-defense, the firing resulted from the voluntary act of appellant; if the shots were accidental the act was involuntary. *State v. Peal,* 463 S.W.2d 840 (Mo.1971). Under certain limited circumstances a defendant may be entitled to both submissions. "For example, if a defendant by his own testimony provides the basis for an accident instruction, it must be given; but if to the contrary, testimony of others shows defendant acted in self-defense, he also is entitled to a self-defense instruction." *State v. Peal, supra.*

As noted, there were only two witnesses who testified to the circumstances of the shooting. According to State's witness Eddie Roberts, appellant took a pistol from his pocket and intentionally shot Sylvester Nelson. There is nothing in the testimony of this witness that the intentional shooting was a defensive act. Instead, it shows only that appellant was the aggressor. This testimony did not justify the giving of an instruction on self-defense or on accident. Therefore, if appellant was entitled to either instruction it had to have support in the testimony of Monir Aziz, and under the circumstances he was not entitled to both.

◼ We are of the opinion that no error resulted from the court's refusal to instruct on self-defense. That defense constitutes a claim that the shooting was an intentional act made necessary by a reasonable apprehension of a design or intent on the part of the deceased to do the defendant great bodily harm. *State v. Sherrill,* 496 S.W.2d 321 (Mo.App.1973). There is nothing in the testimony of Aziz that indicates an intentional shooting by appellant. Instead, he testified that while appellant and Nelson were wrestling some shots went off, and that he did not see who had the pistol. Also, there is nothing in the testimony of Aziz to show that the shooting was made necessary by a reasonable apprehension of a design on the part of Nelson to do great bodily harm to appellant. In *State v. Parker,* 403 S.W.2d 623 (Mo.1966), it was stated that " 'The right to kill in self-defense is founded in necessity, real or apparent,' * * * and before such extreme measure may be lawfully resorted to the record must show that the appellant acted 'under at least an apparent necessity, in order to save himself from death or great bodily harm.' * * * Under the general rules and the statute reasonable cause and necessity are to be viewed in the light of circumstances as they appeared to the defendant. * * * But there must have been some act or demonstration on the part of the deceased inducing a reasonable belief that the defendant is about to suffer great bodily harm, * * * some overt act of presenting or drawing." The testimony of Aziz does not indicate that appellant could reasonably anticipate any more than a simple assault and battery, which is not sufficient to warrant killing in self-defense. *State v. Jackson,* 511 S.W.2d 771, 777 (Mo. 1974); *State v. Brown,* 502 S.W.2d 295 (Mo. 1973). There is no merit to appellant's first contention.

Appellant next challenges the instruction submitting murder in the second degree, and asserts that it "did not define malice aforethought and deliberately," and it did not "lay proper guide lines for the jury to be able to understand the charge."

First, deliberation is not an element of second degree murder, and the term was not used in the instruction. Second, appellant does not set forth what "guide lines" are missing. Third, the instruction followed the substance and form of the instruction in MAI–Cr on second degree murder, although the use of MAI–Cr was not mandatory at the time of trial. An instruction, in all relevant parts identical to the one given in this case, was approved in

*State v. Jackson,* 496 S.W.2d 1 (Mo. banc 1973). For these reasons the appellant has not demonstrated that the instruction was prejudicially erroneous.

■ Appellant next asserts that the trial court "unreasonably limited defendant in the cross-examination of Dr. Watson W. Kaminsky, the coroner's physician, when he asked a hypothetical question of the doctor concerning the cause of death."

The doctor described the wounds of the body of Sylvester Nelson, and testified that as the result of an autopsy performed by him he was of the opinion that death was "due to hemorrhage, secondary gunshot wound of the thigh and the lower abdomen with laceration of the right common femoral artery."

On cross-examination the doctor again described the wounds, and the court then sustained an objection to this question: "Doctor, assuming that if two men were struggling over a pistol face to face and that the gun was discharged during the struggle, would it be possible that these two wounds could come about as a result of that?"

At the time the question was asked there had been no testimony that appellant and Sylvester Nelson were struggling over a pistol. Appellant now asserts that this hypothetical question "was propounded solely for the purpose of laying a foundation for the testimony of Monir Aziz and enhancing the credibility of his testimony."

As stated in *Schears v. Missouri Pacific Railroad Company,* 355 S.W.2d 314, 321 (Mo. banc 1962), "As an exception to the general rule that a witness may not express an opinion, an expert witness may do so when qualified as such and when the subject matter is not of such common knowledge to invade the province of the jury. * * * However, the expert witness must base his opinion on *facts established by competent evidence.* * * *. When the expert witness does not have personal knowledge of those facts he must be asked, by use of the hypothetical question, to as-

sume the truth of those facts, particularly when disputed." (Italics added). In this case there was no testimony in the record that appellant and Sylvester Nelson were struggling over a pistol. It is true that appellant's counsel stated to the court that "This is going to be our testimony," but we note that Monir Aziz, the only defense witness, did not subsequently so testify. In fact he affirmatively stated that he did not see a pistol in the possession of either person. We further note that this prophesy of defense counsel as to what the evidence would consist is inconsistent with the theory now advanced that the court should have instructed on self-defense. Aside from the doubt we have that the doctor was qualified as an expert to answer the question asked, and the doubt we have that the question would not invade the province of the jury, the hypothetical question when asked had no factual basis in the evidence, and that deficiency was not cured by subsequent evidence, assuming that a cure could be had in that manner. The court properly sustained the objection to the question.

■ The final contention of appellant is that it was error for the trial court to excuse members of the jury panel for the reason that "the jurors stated they would not give the death penalty." The questions asked were within the range approved in *State v. Pollard,* 447 S.W.2d 249 (Mo.1969), and in addition, appellant was not found guilty of an offense for which the death penalty could have been imposed. Therefore, the rule announced in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) is not applicable. See *Bumper v. State of North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), and *State v. Crow,* 486 S.W.2d 248 (Mo.1972); *State v. Haynes,* 482 S.W.2d 444 (Mo.1972); and *State v. Davis,* 504 S.W.2d 221 (Mo.App.1973).

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.