STATE of Missouri, Plaintiff-Respondent,

v.

Jerome Cecil SMITH,
Defendant-Appellant.

No. 37154.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 18, 1976.

Motion for Rehearing or Transfer
Denied June 15, 1976.

Application to Transfer Denied
Sept. 13, 1976.

C. Adelman-Adler, James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Chief Counsel, Crim. Div., Jefferson City, Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his conviction for manslaughter and a sentence to 10 years imprisonment under the Second Offender Act. On appeal defendant's only contention is that the trial court erred in failing to instruct on excusable homicide. We find no error and affirm the judgment.

This appeal is from the second trial of this case, as a conviction of the defendant

for second degree murder was reversed and the cause remanded for new trial in *State v. Smith*, 518 S.W.2d 665 (Mo.App.1975), for the trial court's failure to instruct the jury on manslaughter. The facts of the case are set forth extensively in *State v. Smith*, supra, and need be indited only briefly here.

Shortly before midnight on July 20, 1972, Lou Jones, the owner of a St. Louis liquor store, was shot and killed by the defendant. An employee of the store, Norman Anderson, testified that the defendant entered the store, pointed a pistol at the employee and stated, "this is it" in an apparent reference of intent to commit robbery. According to Anderson, the defendant ordered Lou Jones, who was nearby, to stand so that he could be searched for a weapon. While being patted down, Mr. Jones grabbed at the defendant's arm and drew his own weapon. Anderson testified that while he was in the process of beating a hasty retreat to obtain a gun located at the rear of the store, he observed defendant and Jones "tussling" and heard an exchange of gun shots between the two: "I saw Lou [Jones]. I heard some shots and that's when Lou fell, you know, dropped one of his arms and just stood there and they [Jones and defendant] just started shooting." Jones fell dead from a gunshot wound, and defendant ran from the store. Defendant, who was wounded from gun fire from Mr. Jones, was picked up by police a short distance from the store while trying to hail a taxicab. Police took defendant's gun from him and noted that it had five spent cartridges in the cylinder.

The defendant's testimony was that in his employment as a security guard in the neighborhood of Mr. Jones' liquor store he was permitted to drink on the job so long as he removed his security job accouterments before making a purchase of liquor; that although he was not licensed to carry a pistol he had been told by his employer that it was all right to be armed while on duty.[1] Defendant testified that on the night Mr. Jones was killed, he was on his security patrol and had removed the identifying objects of his security guard uniform preparatory to entering the liquor store to purchase some wine to drink while he was working. Defendant related that he had called to Mr. Jones to ask about some wine and had noted that Mr. Jones became nervous when he observed the handle of defendant's pistol extending from defendant's pants pocket. Defendant testified that Mr. Jones then produced a pistol and began firing at defendant; that to defend himself, defendant had returned the fire: "I fired some shots." Defendant acknowledged that his gun contained five bullets, but he could not recall firing all of them.

The jury was instructed on second degree murder, manslaughter and justifiable homicide, and the jury found the defendant guilty of manslaughter.

On appeal, defendant contends that the jury should have been instructed on accidental death, even though no request was made for such an instruction and defendant's motion for new trial contained no reference to the trial court's failure to give such instruction. Defendant asserts that the trial court's failure to instruct on accidental death constituted plain error requiring reversal.

We need not discuss whether plain error was committed by the lack of the accidental death instruction. We find that such an instruction was not called for under the facts and circumstances of this case.

■ Defendant argues that giving full effect to Norman Anderson's testimony regarding the scuffle between Mr. Jones and defendant that it is conceivable that Mr. Jones was accidentally shot during the tussle; hence, an accidental death instruction was warranted. Defendant's argument is

---

1. Defendant's employer testified that drinking by employees while on the job was absolutely prohibited and that defendant had been suspended at one time for a two week period as a disciplinary measure for having drunk intoxi-

cating liquor while working. The employer also testified that his employees were strictly forbidden from carrying weapons, as they were not licensed to do so.

absolutely without merit. There are two reasons for holding that no accidental death instruction should have been given: 1) Mr. Jones was killed during the commission of an illegal act; 2) there was no evidence of accident.

Norman Anderson testified that defendant displayed his weapon from the time he approached Anderson with "this is it" until the enfilade of gun fire subsided, leaving Mr. Jones the victim of defendant's weapon. Anderson's testimony with regard to the defendant's display of his pistol was as follows:

"Q. (by Ms. Adelman-Adler) [defendant's attorney] When you observed Mr. Jones grab or reach forward toward Mr. Smith, where did the defendant have his gun?

A. [Norman Anderson] In his hand.

Q. In his right hand? A. Yes.

\*　　\*　　\*　　\*　　\*　　\*

Q. [by prosecuting attorney] From the time you saw the defendant for the first time with the gun in his hand—this was after you had made change, is that right? A. Yes.

Q.—until the time the first shot was fired, did the defendant ever put that gun back in his pocket?

A. No, he didn't.

Q. And Lou [Jones] came walking up from where he had been sitting. He had the box in his hand, but he did not have a gun in his hand, did he?

A. The gun was in the box.

Q. The gun was in the box and he was carrying the box? A. Yes.

Q. When he got up to the gate, the defendant still had his gun in his hand, is that right?

A. Yes.

Q. At that point Lou was still holding the box with the gun in it, but he didn't have a gun his [sic] his hand?

A. That's right."

■　The defendant relies on Mr. Anderson's testimony regarding the scuffle to establish accident, but it is that testimony which is fatal to defendant's argument of accident. According to Anderson, defendant was displaying his gun in an illegal manner and for an illegal purpose before, during and after the scuffle. We, of course, recognize that if the evidence supports an instruction on excusable homicide because of accident, such an instruction must be given as part of the law of the case. *State v. Cook,* 512 S.W.2d 907 (Mo. App.1974); *State v. Moore,* 499 S.W.2d 826 (Mo.App.1973).[2] But it is axiomatic that an accidental killing does not constitute excusable homicide if the killing is perpetrated in the commission of an unlawful act, and in such case an accidental death instruction is not to be given. *State v. Browning,* 442 S.W.2d 55 (Mo. banc 1969); *State v. Simon,* 534 S.W.2d 839 (Mo.App.1976); *State v. Cook,* supra. Defendant relies on Anderson's testimony to establish accidental death, but Anderson has defendant flourishing his pistol in an illegal manner and for an illegal purpose from the time defendant first announced "this is it" through his killing of Mr. Jones. Thus, defendant derives no benefit from Mr. Anderson's testimony that the struggle between Mr. Jones and the defendant created a basis for an accidental death instruction.

The record is also devoid of any evidence of accidental death. The defendant contends that Norman Anderson's testimony concerning the struggle between the defendant and Jones before the first shot was fired was sufficient to support his defense of accidental killing. The defendant urges that the mere fact that there was a struggle gives rise to the reasonable inference that the defendant's gun discharged accidentally. Anderson only saw the "tussle" and did not actually see how the defendant's gun was discharged. There was no

---

**2.** For a comprehensive treatment of instructions on excusable homicide see, MAI-CR Comments: Excusable Homicide (1974).

evidence in the record demonstrating that the gun was discharged accidentally. Based on Anderson's testimony, the jury would be forced to resort to speculation and conjecture in concluding that the defendant's gun was fired by accident. Anderson's testimony does not show, nor can it be reasonably inferred from his account as to what transpired, that the defendant's gun discharged by accident. Certainly, defendant's testimony does not establish accidental death, for his defense was self-defense, which is entirely inconsistent with accident. *State v. Brown*, 502 S.W.2d 295 (Mo.1973) cert. den. 416 U.S. 973, 94 S.Ct. 1999, 40 L.Ed.2d 562 (1974). Defendant acknowledges that he shot at Jones several times and apparently unloaded his five shot pistol shooting at Mr. Jones—scarcely accidental action.[3] The defendant's testimony clearly demonstrates that he fired his gun deliberately—not accidentally. We thus conclude that there was no evidence from Mr. Anderson that the shooting was accidental, and the fact that the shooting of Mr. Jones was the defendant's deliberate act and no accident was firmly and conclusively established by the defendant's own testimony. Where no evidence of accident exists—as in this case—no accidental death instruction is warranted. *State v. Slaten*, 252 S.W.2d 330 (Mo.1952); *State v. Simon*, supra; *State v. Manley*, 513 S.W.2d 703 (Mo.App.1974).

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.

---

**3.** See *State v. Parker*, 509 S.W.2d 67 (Mo.1974), holding that a second degree murder instruction was not necessary where the defendant had fired three shots.