540 S.W.2d 183 (1976)
STATE of Missouri, Plaintiff-Respondent,
v.
Floyd MERRITT, Defendant-Appellant.
No. 36921.
Missouri Court of Appeals, St. Louis District, Division Three.
August 3, 1976.
*184 Robert A. Hampe, Daniel P. Reardon, Jr., St. Louis, for defendant-appellant.
Preston Dean, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., Brendan Ryan, Circuit Atty., Ronald B. Safren, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.
GUNN, Judge.
Defendant killed Albert Redmann with a single gun shot to the chest. Defendant was sentenced under the Second Offender Act to 25 years imprisonment and has appealed, raising the single issue that the trial court erred in failing to submit an excusable homicide instruction. We find no error and affirm.
Early on the day of the killing, defendant and Redmann had engaged in an altercation with an exchange of blows. After the initial fray of fisticuff battle, the combatants disengaged with Redmann retiring to the Mona Lisa Lounge for refreshment and defendant going elsewhere to obtain a pistol. Defendant searched for and located Redmann at the Mona Lisa Lounge. It is unchallenged that after making demand upon Redmann for money allegedly owed to him, the defendant struck Redmann twice in the head with his fist, took a pistol from his pocket and after displaying the gun with considerable bellicosity for a period of time, shot Redmann in the chest inflicting a mortal wound. The evidence was uncontroverted that Redmann was unarmed and made no retaliatory attack on defendant. The only difference between the State's and defendant's evidence is that relating to the discharge of the pistol. The State's evidence, through a bystander (the owner of the Mona Lisa Lounge) was that the defendant was about 5-6 feet from Redmann when the gun was fired directly at Redmann. The defendant's testimony, though somewhat opaque and obfuscatory, was that Redmann had apparently brushed against the defendant's arm while the gun was displayed, causing it to discharge.
The jury was instructed on first and second degree murder, manslaughter and, at defendant's request, justifiable homicide. *185 A verdict of guilty to second degree murder was returned.
Before discussing the merits of the appeal, we note that an excusable homicide instruction was not requested at trial, nor was the court's failure to give such an instruction raised by defendant in his motion for a new trial; therefore, the asserted error was not preserved for review. Rule 27.20 V.A.M.R.; State v. Thomas, 530 S.W.2d 265 (Mo.App.1975). Matters raised for the first time on appeal will only be considered where they constitute "plain error" under Rule 27.20(c) V.A.M.R. The plain error rule, however, is not applicable "in matters relating to instructions unless the trial court has so misdirected or failed to instruct the jury on the law of the case so that the misdirection or failure to instruct causes a manifest injustice." State v. Broomfield, 510 S.W.2d 843, 845 (Mo.App. 1974). "Manifest justice" is to be determined on a case by case basis. State v. Patterson, 443 S.W.2d 104 (Mo. banc 1969). Where the evidence raises a question of excusable homicide because of accident the instruction must be given whether requested or not. State v. Cook, 512 S.W.2d 907 (Mo.App.1974),[1] and if the evidence warrants, failure to submit such an instruction has been held to constitute plain error. State v. Randolph, 496 S.W.2d 257 (Mo. banc 1973).
At trial defendant requested that the jury be instructed on the defense of justifiable homicide. That defense implies a voluntary act necessitated by the circumstances. See § 559.040 RSMo 1969. The defense of excusable homicide, on the other hand, implies an involuntary act by the appellant.[2] "Homicide shall be deemed excusable when committed by accident or misfortune, in either of the following cases:
"1) . . . in doing any other lawful act by lawful means, with usual and ordinary caution, and without unlawful intent; or
"2) In the heat of passion, upon any sudden or sufficient provocation, or upon sudden combat, without any undue advantage being taken, and without any dangerous weapon being used, and not done in a cruel and unusual manner." § 559.050 RSMo 1969. (emphasis added)
Under the facts of this case submission of an excusable homicide instruction was not warranted as that defense is defined by statute. Nor was it warranted under the common law definition which requires that the accused act without wrongful purpose while engaged in a lawful enterprise and without negligence. State v. Browning, 442 S.W.2d 55 (Mo. banc 1969); State v. Simon, 534 S.W.2d 839 (Mo.App. 1976); State v. Cook, supra. Defendant here clearly does not meet the requirements of paragraph (2) § 559.050 RSMo 1969, because he used a deadly weapon to commit the homicide. Nor is he entitled to rely on the defense under paragraph (1) or under the similar common law definition, as the homicide occurred while defendant was engaged in an unlawful act. By carrying a concealed weapon into the lounge, taking it from his pocket and then flourishing it in a rude and threatening manner defendant was in violation of § 564.610 RSMo 1969. State v. Smith, 539 S.W.2d 571 (Mo.App. 1976). Such violation in the course of a homicide has consistently been held to negate the necessity of submitting an excusable homicide instruction. State v. Browning, supra; State v. Smith, supra; State v. Cook, supra. We find that under the facts of this case an excusable homicide instruction was not required.
The judgment is affirmed.
SIMEONE, P. J., and KELLY, J., concur.
NOTES
[1] See MAI-CR Comments: Excusable Homicide (1974), for a comprehensive treatment of instructions on excusable homicide.
[2] Although the defenses of justifiable homicide and excusable homicide are inconsistent where there is evidence from a source other than defendant alone which would warrant both instructions they must be submitted concurrently. State v. Brown, 502 S.W.2d 295 (Mo.1973); State v. Walker, 525 S.W.2d 826 (Mo.App. 1975).