STATE of Missouri,
Plaintiff-Respondent,

v.

Robert LAPTAD, Defendant-Appellant.

No. 11135.

Missouri Court of Appeals,
Southern District,
En Banc.

July 26, 1979.

John D. Ashcroft, Atty. Gen., Richard F. Engel, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William H. Wendt, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Robert Laptad was convicted of second degree murder and duly sentenced to 30 years' imprisonment. He assigns error in the trial court's refusal to give three instructions he tendered, the admission of a color photograph of the victim, and the excusal for cause of certain veniremen. We affirm.

The sufficiency of the evidence to support the verdict is not questioned but a brief recital of some of the evidence is necessary in connection with two of the requested instructions.

About midnight, defendant and Forbes entered the Bob McClelland house in Joplin. McClelland and Kenneth Windle Jr., were in a bedroom talking. McClelland's nephew, Cody, and two women were in the kitchen. Defendant and his companion were both armed with pistols. As the two men started to the bedroom, defendant stated "I am backing you." They entered the bedroom and told McClelland to leave. Defendant was pointing a pistol into the bedroom during a period of time Forbes was yelling at Windle and noise of a "commotion" was going on in the bedroom. Defendant and Forbes departed the house momentarily and then came back into the kitchen, Forbes was cursing Windle and accusing him of "reneging" on a [drug] deal. Defendant was brandishing one or more pistols and while pointing a pistol at Windle said "Let's go ahead and kill him." Forbes continued to berate Windle, as defendant held one pistol on Windle and another on the McClellands. Finally, some 45 minutes to an hour after they had arrived at the house, Forbes told defendant to "Snuff him on out, . . . snuff him out." Defendant put one of the pistols down and using both hands on the remaining gun, aimed the weapon at Windle for twenty to thirty seconds, and pulled the trigger. Windle, who was sitting down at the time, was struck in the chest by the fatal bullet.

There is no merit in defendant's contention that he was entitled to an instruc-

tion on excusable homicide and the court properly refused his instruction tendering this defense. An instruction on excusable homicide due to accidental discharge of a gun need only be given if there is evidence in the case that the gun discharged by accident. *State v. Williams*, 545 S.W.2d 342 (Mo.App.1976). There is no evidence in the record that the gun fired by defendant was accidentally discharged. On the contrary, the facts demonstrate an intentional discharge of the gun. Defendant's contention is based upon speculation and conjecture. He argues that because both of the McClellands testified they were afraid that one or both of the guns defendant was pointing and brandishing at various people in the kitchen "might go off" and that another fired bullet was found in the basement of the house sometime after the killing, this is sufficient to demonstrate the gun may have accidentally discharged. This argument overlooks the fact that there was no evidence that the gun used to kill Windle was likely to fire accidentally or was fired accidentally. The weapon was never found and defendant did not testify. Thus, there is simply no evidence to support defendant's claim of accidental discharge of the pistol and warrant an instruction on excusable homicide.

There is another and further reason why defendant was not entitled to the requested excusable homicide instruction. Section 559.050, RSMo 1969, governs what is necessary to prove excusable homicide. This statute states:

"Homicide shall be deemed excusable when committed by accident or misfortune, in either of the following cases:

(1) In lawfully correcting a child, apprentice or servant, or in doing any other lawful act by lawful means, with usual and ordinary caution, and without unlawful intent; or

(2) In heat of passion, upon any sudden or sufficient provocation, or upon sudden combat, without any undue advantage being taken, and without any dangerous weapon being used, and not done in a cruel and unusual manner."

The facts in this case graphically demonstrate defendant was engaged in an unlawful act by unlawful means, and with unlawful intent, while using a dangerous weapon. His conduct, for nearly an hour, of exhibiting, brandishing and pointing pistols at various individuals in an angry and threatening manner, constituted a violation of § 564.610, RSMo 1969, a graded felony, and there was no error in the court's refusal to instruct on accidental homicide. *State v. Browning*, 442 S.W.2d 55 (Mo. banc 1969); *State v. Merritt*, 540 S.W.2d 183 (Mo.App. 1976); *State v. Smith*, 539 S.W.2d 571 (Mo. App.1976).

■ Defendant claims a color photograph of Windle's body was of an inflammatory and prejudicial nature and it was reversible error for the court to admit the photograph over his objection.

The admissibility of photographs of dead bodies lies within the sound discretion of the trial court. *State v. Robinson*, 328 S.W.2d 667 (Mo.1959). "Such evidence is properly admissible when it sheds light on any material matter in issue. Thus, when it tends to connect the accused with the crime, prove the identity of the deceased, show the position of the body, show the location and nature of the wound, or tends to corroborate the testimony of a witness or refute a defense it is admissible unless the prejudicial effect is so great as to outweigh any possible probative value." *State v. Dodson*, 556 S.W.2d 938 (Mo.App.1977).

The photograph of which defendant complains has not been filed with the transcript on appeal and we have no basis on which to judge the propriety of its admission. The burden is on defendant under the rules governing appeals to file a complete transcript for appellate review, including all exhibits whose admission is alleged to be error. Defendant having failed to file the photograph as a part of the transcript, we may not consider his complaint regarding this exhibit. *State v. Dodson*, supra.

■ Defendant's next point alleges error by the trial court in refusing to give his tendered instruction submitting manslaugh-

ter by culpable negligence. This assignment is not preserved for appellate review because defendant's motion for new trial failed to specify and set forth facts in evidence which would have warranted such an instruction. His motion for new trial stated: "The Court erred in refusing to give Defendant's tendered instruction B for the reason that there was sufficient evidence to support an Instruction for manslaughter by culpable negligence."

In *State v. Cheek*, 413 S.W.2d 231 (Mo. 1967), the defendant was convicted of murder and contended on appeal the court should have instructed on manslaughter by culpable negligence. Cheek's motion for new trial averred the court erred in refusing to instruct on manslaughter; that such an instruction was requested and refused and that the facts in the case warranted such an instruction. Our Supreme Court ruled this assignment "wholly insufficient" and failed to comply with Rule 27.20, V.A.M.R., because "it does not set forth in detail and with particularity the specific grounds or cause therefor, in that it does not indicate in any manner what *facts in evidence* were considered sufficient to warrant such an instruction." (our emphasis) The court held that the assignment in Cheek's motion for new trial did not preserve anything for review. In the more recent case of *State v. Sanders*, 541 S.W.2d 530 (Mo. banc 1976), the defendant's motion for new trial alleged "It was error for the Court to deny defendant's request for Instruction A because it was warranted by the evidence." After extensive quotation from *Cheek* the court said: "In the case before us there was no indication whatever in the assignments as to the facts in evidence that would have supported the giving of an excusable homicide instruction. Therefore, in accordance with the cases heretofore cited we must rule that these assignments failed to comply with Rule 27.-20(a) and hence did not preserve the alleged error for appellate review."

We hold defendant's contention concerning his requested instruction on manslaughter by culpable negligence is not preserved for review because his motion for new trial fails to indicate in any manner what facts in evidence were considered sufficient to warrant such an instruction.

■ We have reviewed defendant's remaining two points and find them to be without merit. We do not find an abuse of discretion by the trial court in excusing for cause certain veniremen. *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977); *Ginnings v. State*, 506 S.W.2d 422 (Mo.1974); *State v. Pride*, 567 S.W.2d 426 (Mo.App. 1978). The trial court gave MAI–CR 2.20 relating to the presumption of innocence and burden of proof. It was not error to refuse defendant's requested cautionary instruction "D" that the weight of the evidence bears no relationship to the number of witnesses called by each side. The Notes on Use following MAI–CR 2.20 forbid elaboration of the required instruction. All instructions are to be considered together. *State v. Blockton*, 526 S.W.2d 915 (Mo.App. 1975). The jury was instructed no presumption of guilt or adverse inference arose because of defendant exercising his right not to testify. Trial judges are vested with broad discretion in the giving or refusing of cautionary instructions. *State v. Lang*, 515 S.W.2d 507 (Mo.1974). We find no abuse of discretion and no error in refusing instruction "D".

The judgment is affirmed.

All concur, except TITUS, J., recuses and PREWITT, J., not participating because not a member of the court when case was submitted.