**STATE of Missouri, Respondent,**

**v.**

**Gerald W. SIVILS, Appellant.**

**No. KCD 30068.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1979.

Motion for Rehearing and/or Transfer
Denied Oct. 29, 1979.

Lee M. Nation, Asst. Public Defender, Charles A. Gallipeau, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

CLARK, Judge.

Gerald W. Sivils was tried before a jury which found him guilty of manslaughter and assessed his punishment at a term of ten years. Judgment and sentence were entered by the trial court in accordance with the verdict.

On this appeal, Sivils contends that the trial court erred in failing to instruct the jury on the elements of justifiable homicide and excusable homicide which constituted Sivils' defense and which, he asserts, were appropriately supported by the evidence. Affirmed.

The tragedy giving rise to the homicide charge against Sivils originated in a domestic dispute. Sivils' wife, Peggy Ann, had left their home after a quarrel and was staying with her daughter, Linda Mitchell. The victim, Danny Mitchell, was Linda's husband. Prior to the Saturday evening when Mitchell was slain, Sivils had spoken by telephone several times with his wife and also with Linda and Danny, but had failed to persuade his wife to return. Determined to confront his wife regarding their problem, Sivils set out for the Mitchell residence and took with him a .22 caliber pistol which he placed in a jacket pocket.

Upon arrival at about 10:00 p. m., Sivils went to the back door of the Mitchell home and was met by Danny, who refused him entry. A struggle ensued, Sivils drew his pistol and in the melee Mitchell was fatally wounded.

 Appellant's first point, the absence of an instruction to the jury on the issue of self-defense, was not raised by Sivils in his motion for new trial. Generally, where no objection is made to the instructions and no assignment of error regarding instructions is contained in the motion for new trial, nothing pertaining to the instruction is preserved for appellate review. *State v. Cook,* 491 S.W.2d 324 (Mo.1973). Self-defense, however, is a subject upon which the court is required to instruct, whether requested or not, and it is error for the court to fail to do so if that defense is raised by the evidence in the case. *State v. Lacy,* 573 S.W.2d 137 (Mo.App.1978).

■ While consideration here of appellant's first point, the failure of the trial court to instruct the jury on self-defense, would further require a conclusion that such failure to instruct caused manifest injustice, thus invoking review under plain error, Rule 27.20, *State v. Johnson,* 546 S.W.2d 725 (Mo.App.1977), it is unnecessary to address that question in disposition of the issue. Failure to instruct on self-defense was not error for the reason that self-defense was never an element of the case.

While some testimony was in conflict regarding prior threats made by Sivils on the life of the victim, no evidence was offered to indicate that Sivils ever was placed in fear of death or serious bodily harm at the hands of the victim or that he believed himself to be in any danger or was obliged to protect his person. More importantly, however, Sivils consistently maintained that the discharge of his weapon was accidental, that he never had any intent to shoot the victim and that the unfortunate event resulted from the struggle when the victim grabbed Sivils' arm.

■ The defenses of self-defense and accident are inconsistent. If the shot was fired in self-defense, it was a voluntary act, but if accidental, it was involuntary. *State v. Peal,* 463 S.W.2d 840 (Mo.1971); *State v. Baker,* 277 S.W.2d 627 (Mo.1955). In a factually similar case, *State v. Harkins,* 535 S.W.2d 462 (Mo.App.1976), the court notes that defendant's testimony alone may not provide the basis for submitting the inconsistent defenses of accident and self-defense to the jury. By his testimony, either that there was no intent to fire at the victim or that he deliberately did so under fear for his life or safety, the defendant commits himself to one alternative or the other. In some limited circumstances, a defendant may be entitled to instructions on both accident and self-defense, but only if the inconsistent alternative is raised and supported by evidence other than that of the defendant. *State v. Harkins, supra,* and cases there cited.

In this case, Sivils was not entitled to an instruction on self-defense by reason of any evidence in the record. Defendant himself denied any recollection of cocking the gun or placing his finger on the trigger and was unable to explain how the weapon came to be discharged. Other evidence leads inescapably to the conclusion that defendant was the aggressor and was attempting to force his way into the victim's home, resulting in the struggle and the discharge of the gun. Sivils' first point is without merit.

■ In his second point, Sivils contends that it was error to deny him an instruction on excusable homicide. Neither the content of the motion for new trial nor the point relied on and argument as briefed here state in detail and with particularity wherein and why it was error not to give an instruction on excusable homicide and, hence, do not comply with Rules 27.20, 28.18 and 84.04. As Sivils did, however, submit to the trial court an instruction on excusable homicide, noted in his new trial motion the alleged instruction error and again refers to the subject on this appeal, the issue will be reviewed on the precept that an appropriate instruction is mandatory, whether requested or not, if excusable homicide is in the case. *State v. Watson,* 364 S.W.2d 519 (Mo.1963).

As we perceive Sivils' point, he contends that because his evidence, if believed, required the conclusion that discharge of the weapon was accidental and that he had no intention to wound, let alone slay Mitchell, an instruction on excusable homicide was required. The instruction offered at trial and refused, employing MAI–CR 2.28, used the following language in paragraph 2:

"You will acquit the defendant on the ground of excusable homicide and return a verdict of not guilty if the death of Danny Mitchell was the result of accident or misfortune, in the heat of passion, upon sudden or sufficient provocation, and not done in a cruel and unusual manner."

On this appeal, Sivils suggests that a better form, and presumably one which incorporates the theory of this point on appeal, would adopt the following language:

"You will acquit the defendant on the ground of excusable homicide and return a verdict of not guilty if the death of Danny L. Mitchell was the result of accident or misfortune in while (sic) acting in lawful self-defense by producing a hand gun to protect himself from assault without unlawful intent and without reckless disregard for human life and safety."

■ Excusable homicide was, at the time applicable to this case, defined by Section 559.050, RSMo 1969. Those portions of the statute controlling here include only accidental. homicide committed while doing a lawful act by lawful means and without unlawful intent. The additional provision of the statute, to which Sivils' proffered instruction at trial apparently was addressed, is inapplicable to this case because it excludes by its terms the use of any dangerous weapon. *State v. Merritt,* 540 S.W.2d 183 (Mo.App.1976).

■ As was earlier noted, Sivils was attempting to force his way into the Mitchell home and when the victim resisted and struggled to remove Sivils from the threshold and close the door, Sivils drew the weapon. As to these events, the evidence was undisputed. While Sivils contends that he produced the gun because the victim raised his hand to strike a blow and that such action was reasonable to dissuade the attacker, the fact yet remains that Sivils was in the process of committing an unlawful act by unlawful means, i. e., entering Mitchell's residence by force, and it was Mitchell who was acting lawfully to resist the intrusion. An accidental killing does not constitute excusable homicide under the statute when perpetrated in the commission of an unlawful act. *State v. Browning,* 442 S.W.2d 55 (Mo. banc 1969); *State v. Smith,* 539 S.W.2d 571 (Mo.App.1976).

■ Finally, it is appropriate to note that a homicide may be excusable under the common law, apart from the circumstances as delineated by statute, and that an appropriate instruction of exculpation would thereby be required. Section 559.060, RSMo 1969. Under common law doctrine, however, in order for the homicide to be excusable, the act must have been without wrongful purpose while engaged in a lawful enterprise. *State v. Simpson,* 471 S.W.2d 173 (Mo.1971). Under neither theory applicable to the facts of this case was Sivils entitled to an instruction on excusable homicide.

The judgment is affirmed.

All concur.