STATE of Missouri,
Plaintiff–Respondent,

v.

Thurman JOHNSON,
Defendant–Appellant.

No. 11563.

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 2, 1980.

John D. Ashcroft, Atty. Gen., Nancy D. Kelley, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant–appellant.

GREENE, Judge.

Defendant Thurman Johnson was charged with the crime of robbery in the first degree, § 560.120, RSMo 1969, V.A. M.S. After jury trial, defendant was found guilty of the offense charged and was sentenced by the trial judge to a term of five years in the Missouri Department of Corrections. This appeal followed. We affirm.

Two assignments of error are made on appeal, which are that the trial court erred in 1) overruling defendant's motion for judgment of acquittal filed at the close of evidence, for the reason that the evidence was insufficient to support a finding of guilty, and 2) giving the jury a verdict directing instruction of committing the crime by fear of immediate injury. The information alleged that the crime had been committed by force and violence. Defendant contends that this variance was prejudicial error.

Relevant facts necessary to decide the issues presented are as follows. Collis Ray Haddock and his brother had returned from out of state, where they had been employed by a construction firm. The two men were picked up at the airport by a former sister–in–law of Haddock. Haddock testified that he and his brother had been drinking and that he was "pretty well loaded." Had-

dock's former sister–in–law had agreed to drive him to his home in Bertrand, Missouri for the sum of $100. As they neared the town of Malden, Missouri, an argument developed between Haddock and his former sister–in–law. He demanded the return of the $100 and got out of the automobile at the intersection of Highways 61 and 62.

As Haddock was walking down the highway, in search of a telephone, he passed a service station called the Back Court. There, he noticed a group of men drinking beer and they began "hollering" at him. A facility called the Club 61 is located across the highway from the Back Court. After Haddock had travelled a short distance past the club, defendant and his brother, John Henry Johnson (who was identified as the larger of the two brothers), came out of the club. Haddock testified that they began "picking" at him and that he "was going to run up the levee" but "chickened out." The Johnson brothers offered to take Haddock to a telephone and the three went to the rear of the club. At this time, the men that had "hollered" at Haddock from across the highway, seeing the Johnson brothers take Haddock behind the club, decided to investigate the situation. Haddock testified that he was "scared to death." There was no telephone in sight. Defendant and his brother were "feeling" of the victim. When the four men arrived on the scene, the Johnson brothers were "harassing" Haddock. One of the four men, deciding to participate in the fun, told Haddock to place his hands above his head, which he did, and proceeded to pat Haddock down his front. A cigarette lighter and nail clippers were removed from Haddock's front pockets. Defendant's brother, John Henry, removed Haddock's wallet from Haddock's back pocket, then told Haddock he knew Karate, and kicked Haddock in the chest, causing him to lose his breath and fall to the ground. Haddock's suitcase was then opened and searched and the change therein removed. The Johnson brothers proceeded with the wallet to the front of the pickup, in which the four men had arrived, to examine the contents in the glare of the headlights. Haddock testified that he had $618

in his wallet, his pay from two weeks' work. Haddock testified that none of the "four" men had anything to do with removing his wallet, nor the change from his suitcase. The four men told the Johnson brothers to return Haddock's wallet, at which time an empty wallet, not Haddock's, was placed in his pocket. The Johnson brothers then left, walking in the direction of their home.

The four men inquired of Haddock if he had money in his wallet and he told them yes, and what denominations the money was in. The four men, along with Haddock, decided to get into the pickup and go retrieve Haddock's money from the Johnson brothers. When they caught up with defendant and his brother, they told the Johnson brothers to return the money to Haddock, or else they were going with Haddock to the officials to report the robbery. Not obtaining the desired result, the four men, along with Haddock, reported the incident to Robert Young, the city marshal of Howardville, Missouri. Young then went to the home of defendant and John Henry. After being unable to locate either of the Johnsons, a warrant for their arrest was secured. Three or four days later, the Johnsons were arrested in Carbondale, Illinois.

At trial, the defendant presented no evidence in his own defense.

## SUFFICIENCY OF EVIDENCE ISSUE

Defendant contends that the trial court erred by refusing to sustain his motion for judgment of acquittal at the close of all the evidence because the state had failed to make a submissible case to support the charge made against defendant in the information. We disagree. On sufficiency of evidence review, we must bear in mind that all the evidence is to be reviewed in the light most favorable to the state, with the state afforded the benefit of all reasonable evidentiary inferences, *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975), and that the jury has the right to believe all, part or none of the testimony of any witness. *State v. Davis*, 556 S.W.2d 745, 747 (Mo.App.1977). Since substantial evidence

of the alternative elements of first degree robbery was adduced at trial, as outlined above, that justified submitting the cause to the jury, it is clear that the trial court did not commit error in overruling defendant's motion for judgment of acquittal at the close of all the evidence. The point is denied.

## INSTRUCTIONAL ERROR

Defendant contends that the trial court erred in giving a verdict directing instruction which contained a "method of committing the crime" other than that alleged in the information. The information, by which defendant was charged read "did then and there wilfully, unlawfully, feloniously, take, steal and carry away . . . by force and violence . . . ." The jury was given Instruction No. 6, which part complained of read as follows "causing him [Haddock] to fear immediate injury to his person, and . . . ." Defendant contends that this variance in wording from that in the information denied him the opportunity to prepare adequate defense tactics, as he was unaware of the "nature and cause of the accusation." At the time the complained of instruction was given by the court, defendant made no objection. In his motion for new trial, this point of error was not raised.

 Where no timely objection is made to instructions and no assignment of error regarding instructions is contained in a motion for new trial, nothing pertaining to the instruction is preserved for appellate review. V.A.M.R. Criminal Rules 28.03, 29.-11(d); *State v. Kennedy*, 596 S.W.2d 766, 770 (Mo.App.1980); *State v. Sivils*, 589 S.W.2d 617, 618 (Mo.App.1979).

 We have read the transcript to determine whether the plain error review provision of Rule 30.20, V.A.M.R. is called for in this case. We conclude that there was no trial court error by giving the instructions in question that affected the substantial rights of the defendant or that caused manifest injustice or a miscarriage of justice.

Therefore, plain error review is not appropriate in this case. The point is denied.

The judgment is affirmed.

All concur.