**STATE of Missouri, Respondent,**

v.

**Leonard Stanley RUST, Appellant.**

**No. 55660.**

Supreme Court of Missouri,
Division No. 2.

June 28, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Jerome F. Waterman, Houlehan & Waterman, Kansas City, for appellant.

FINCH, Judge.

Defendant, tried under the Second Offender Act (§ 556.280, V.A.M.S.), was found guilty by a jury of robbery in the first degree. He was sentenced to imprisonment for seven years and he now appeals.

The trial court instructed the jury on robbery in the first degree but refused defendant's requested instructions on robbery in the second degree and on stealing from the person. We conclude that the stealing instruction should have been given, and reverse and remand for that reason.

The state's evidence clearly supported an instruction on robbery in the first degree. John H. Reynolds testified for the state that he lived in a room on the third floor of the Coates House Hotel in Kansas City and that on the afternoon of May 11, 1969, while he was in bed watching television, two men whom he did not know entered his room. The men were carrying a bottle of wine and asked Reynolds if he wanted a drink. He declined but invited the men to sit down and watch television. They did so and remained fifteen or twenty minutes, during which they continued to drink from

their bottle. The two then left for ten or fifteen minutes, after which they returned. At that time, one of the men, identified as defendant, had a pistol and said, "Where is your money?" The other man had a sack and started picking up everything on the dresser. One of them reached between the bedspread and sheet and took a money clip in which Reynolds said he had $110.00. Other items taken included an alarm clock, two electric razors, two cigarette lighters and some cigarettes. Reynolds started fighting and the men pinned him down, twisted his arm and hit him with something, causing bruises and injuring his wrists.

After the men left, Reynolds called the police, who broadcast the description given to them. In an hour or so, defendant and one Claude Brewer were arrested. Reynolds identified them as the two men who had robbed him.

Defendant did not testify but he called Claude Brewer as a witness. Brewer had pleaded guilty a day or so earlier to the offense of stealing from the person. He testified that he and another man went to Reynolds' room on the occasion in question and drank with Reynolds, and while there Brewer took money from beside the pillow on Reynolds' bed. He also picked up his alarm clock. Brewer denied that anyone had a gun or that Reynolds was beaten or had his arm twisted. He also testified that defendant Rust was not the other man with him in Reynolds' room. Brewer stated that he would recognize the other man but did not know his name. He further testified that after he and the other man had left Reynolds' room and were back down on the street, Rust joined them and was with him at the time the two of them were arrested.

■ Brewer's testimony, in summary, was that he and a companion, without violence or putting anyone in fear, stole from the person certain properties of Reynolds, but that defendant Rust was not present and did not participate. The issue is whether that testimony entitled defendant to an instruction on stealing from the person under §§ 560.156, subd. 2 and 560.161, subd. 2(1), V.A.M.S.

It is well settled that when there is substantial evidence that a taking was accomplished without violence or putting in fear, an instruction submitting guilt or innocence of stealing (rather than robbery) should be given. State v. Parker, Mo., 324 S.W.2d 717 [4]; State v. Adams, Mo., 406 S.W.2d 608 [4]. The state's brief recognizes that if Brewer's testimony as to how the taking of the money and property occurred is believed, it would be stealing from the person, and no more. However, the state says that, "The court was not obliged to submit the question of guilt of stealing, since the only evidence of an offense other than armed robbery came from a witness who said that the defendant was not present at the time the crime was committed and had nothing to do with the crime."

We conclude that the state's position on this question is not tenable. If Brewer had testified exactly as he did with reference to how the incident occurred but had not stated that defendant was not present, it is clear that his testimony would have been substantial evidence that the taking was accomplished without violence and without putting in fear and it would have been sufficient to require the court to instruct on stealing from the person. This would have been true even if defendant had produced other alibi witnesses who testified that defendant was elsewhere at the time. Offering evidence of an alibi does not take away the right to have the jury instructed on lesser included offenses of which there is substantial evidence. State v. Lasson, 292 Mo. 155, 238 S.W. 101. In that case defendant testified that he was not present and he offered other alibi witnesses. He also contended that the court, under the evidence, should have instructed on grand larceny as well as first degree robbery. In sustaining that contention, the court said, 238 S.W. 1. c. 103: "It appears from the record that at the conclusion of

the testimony, counsel for defendant requested the court to instruct the jury on grand larceny, and the court refused to so instruct. As heretofore stated, there was substantial testimony before the jury which warranted the latter in finding defendant guilty of robbery in the first degree. On the other hand, if the jurors believed from the evidence that defendant was not acting in concert with Thompson, but solely on his own account, without any previous arrangement or understanding with Thompson, he was entitled to have the jury told that he was guilty of grand larceny, and not robbery, if he grabbed and fled with the money in controversy, as heretofore shown. We are of the opinion that reversible error was committed by the court in refusing to instruct the jury, as requested by defendant, on grand larceny."

The fact that a single witness (Brewer) provided both the substantial evidence that it was stealing rather than robbery and that defendant had an alibi should not change the right of the defendant to an instruction on stealing. The rule is well established that a jury may believe all of the testimony of any witness, or none of it, or it may accept part and reject part. Bell v. Pedigo, Mo., 364 S.W.2d 613 [4]; Jordan v. Johnson, Mo.App., 411 S.W.2d 451 [1]. This rule has been articulated most clearly in civil cases, but the rule is the same in criminal cases. State v. Turner, Mo., 320 S.W.2d 579 [14]; State v. Schoenwald, 31 Mo. 147 [4]. Under the foregoing rule, the jury was at liberty to believe Brewer's testimony as to how the taking occurred but to disbelieve his statement that defendant Rust was not his companion at the time. That being true, the court should have given an instruction on stealing from the person because there was substantial evidence to support such a finding.

Any other conclusion would mean that we were saying that the jury had to accept all or none of Brewer's testimony. If they accepted all, they would acquit because that would mean they found that Rust was not present. If they did not accept his testimony as to the presence of defendant, then under the state's contention they would have to find him guilty of first degree robbery, as they did. They would not have the option of accepting that part of his testimony wherein he relates how the incident occurred, and on that basis convicting him of stealing from the person rather than first degree robbery. This would have the effect of limiting defendant's defense to one of alibi. We conclude that the court was not entitled, by failing to submit an instruction on stealing from the person when there was substantial evidence to justify such an instruction, to prevent the jury from exercising its prerogative to reject in part and accept in part the testimony of one of the witnesses.

■ Defendant also contends that the trial court erred in failing to give an instruction on robbery in the second degree under § 560.125, V.A.M.S., on the basis that the taking was accomplished through fear of injury threatened to be inflicted at some different time. We conclude that the evidence as introduced did not require such an instruction. Unless additional testimony is offered on retrial of the case, the court will not be required to so instruct.

One other point raised on appeal relates to an incident which occurred just before the state closed its case. The prosecutor arose and in the presence of the jury said, " * * * Your Honor, at this time the State requests that the defendant arise and remove the cigarettes that he has in the pocket of his shirt and display them to the jury." The state's evidence had been that defendant took some Chesterfield King cigarettes from Reynolds' room when the money and other property were taken and that defendant had these cigarettes in his possession when arrested. The state now sought by this bit of melodrama to show that defendant smoked some brand other than Chesterfield cigarettes. The trial court sustained defendant's objection to the state's request, but declined to declare a mistrial. We need not consider whether a

mistrial was warranted, but we do observe that the request by the state was improper and should not be repeated on retrial.

Reversed and remanded.

All of the Judges concur.