STATE of Missouri, Respondent,

v.

Michael LITTLEFIELD, Appellant.

No. 61377.

Supreme Court of Missouri,
En Banc.

March 11, 1980.

Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kathryn Krause, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Defendant, charged with robbery in the first degree (while acting with others) was convicted of stealing property valued at more than $50.00 and his punishment, a $250.00 fine, assessed by the jury. For his sole allegation of error, defendant contends the trial court improperly submitted the offense of stealing as the evidence failed to support the submission. The Court of Appeals, Eastern District, affirmed the conviction but ordered the cause transferred that we might examine the question of whether larceny of property valued at $50.00 or more, § 560.156, RSMo 1969 and § 560.161.- 1(2), RSMo Supp.1975, is a lesser and necessarily included offense of robbery. Section 560.120, RSMo 1969.[1] We determine the cause as though here on direct appeal.

The dispositive facts are these: Just after 1:00 a. m. and shortly before closing on September 25, 1977, Maude's Bar in South St. Louis was robbed. The only employee present was the bartender Max Lynch who testified that four male customers were in the tavern at the time, three of whom had arrived approximately one and one-half hours earlier. The fourth man, identified by Lynch as defendant, entered the tavern about a half hour later than the others and, after purchasing a beer, joined them at a table in the rear of the room. As Lynch was washing glasses behind the bar one of the customers walked to the bar and apparently without warning seized Lynch and forced his head to the bar while another of

1. Pertinent portions of the relevant statutes are:

Section 560.120, RSMo 1969: "Robbery in first degree. Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; . . . shall be adjudged guilty of robbery in the first degree."

Section 560.156, RSMo 1969: "Stealing—elements of offense.

1. As used in sections 560.156 and 560.161, the following words shall mean:

(1) 'Property', everything of value whether real or personal, . . . and all things defined as property in sections 556.070, 556.080 and 556.090, RSMo;

(2) 'Steal', to appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner, . . . ."

Section 560.161, RSMo Supp.1975: "Penalties for stealing—fourth offense.

1. Any person convicted of stealing as provided in subsection 2 of section 560.156 shall be punished as follows:

(1) If the value of the property stolen is less than fifty dollars, unless otherwise provided herein, by a fine of not more than one thousand dollars or by confinement in the county jail for not more than one year or by both such fine and confinement;

(2) If the value of the property stolen is at least fifty dollars, by imprisonment by the division of corrections for not more than ten years nor less than two years, or by confinement in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and confinement.

2. The offense defined in subsection 2 of section 560.156 is deemed a felony regardless of the value of the property stolen and a person convicted shall be punished as provided in subdivision (2) of subsection 1, if the property intentionally stolen: (1) Is taken from . . . a person; . . . ."

These statutes were repealed effective January 1, 1979, and supplanted by the new Criminal Code. 1977 Mo.Laws p. 662.

the four aided the first assailant by holding Lynch's arm. Defendant and the remaining member of the foursome went behind the bar and rifled the drawers, spilling the contents on the floor. The two men holding the bartender forced him into the restroom where they took his wallet containing $20.00. The attackers then fled and Lynch, emerging from the restroom discovered $250.00 was missing from the cash register. During the police investigation, he identified defendant's photograph as that of the man who went behind the bar and emptied the cash drawer while he was held against the bar and later identified defendant in a police lineup.

For the defense, evidence was presented demonstrating that Littlefield had been dropped off at Maude's Bar at 12:55 a. m. by his brother and his brother's girlfriend with whom he had been drinking earlier that evening. Defendant claimed that he ordered a beer then walked to the restroom. Coming out he saw three customers scuffling with the bartender and he hurriedly left the bar without offering to aid the beleaguered victim. He denied involvement in the robbery.

Citing *State v. Sawyer*, 365 S.W.2d 487, 492 (Mo.1963), defendant contends no facts were presented to support the submission of the lesser included offense of stealing. However, the bartender in the case sub judice, unlike the victim in *Sawyer* who was robbed at gun point, testified that although Littlefield was not one of his assailants, Littlefield was one of the two who ransacked the drawers behind the bar. The jury could have found that defendant though not one of the attackers nor acting in concert with them in the robbery, took advantage of the bartender's plight by stealing from the unattended till. Hence substantial evidence supported the submission of the lesser offense of stealing over fifty dollars and it was proper to so instruct. *State v. Herron*, 349 S.W.2d 936, 940 (Mo.1961); *State v. Parker*, 324 S.W.2d 717, 721–722 (Mo.1959). Appellant's contention is denied.

However, the Court of Appeals certifying the cause here on their own motion under Rule 83.02, raised a question other than that suggested by defendant. The appellate court doubted whether the crime of stealing $50.00 or more, is a lesser included offense within the crime of robbery, charged in the information, so as to support instructing down. The robbery issue was submitted by instruction no. 8 adapting MAI–CR 7.60 to the facts in issue. This was followed by instruction no. 10, which presented alternatively the stealing issue; more specifically, stealing property valued at $50.00 or more under MAI–CR 7.70 as distinguished from stealing *from the person* [2] which requires no proof of a particular dollar amount, permitting the jury to find defendant guilty of that charge if they did not convict of robbery. For reasons hereinafter discussed, we find it was not error to so proceed.

Whether an offense is a lesser included of another is determined by the "statutory elements" test. This Court, recently applying the test in *State v. Smith and Hodges*, 592 S.W.2d 165, 166 (Mo.banc 1979), explained there first must be an examination of the statutory elements of the greater crime (here robbery, § 560.120, RSMo 1969), and a matching of those elements against the statutory elements of the lesser offense (here stealing, § 560.156, RSMo 1969 and § 560.161.1(2), RSMo Supp.

---

2. *Stealing from the person*, traditionally held to be a lesser included offense of robbery, *State v. Gardner*, 356 Mo. 1015, 204 S.W.2d 716 (1947), requires no proof of specific value other than proof that the property taken is of some value. This crime encompasses the taking of property "off of" the person or within the zone of the victim's control. See *State v. Jones*, 499 S.W.2d 236, 240 (Mo.App.1973). Such crime, *stealing from the person*, contains all the elements necessary to sustain a conviction of *stealing over $50* because it requires proof of the elements of taking property of another for value. It also contains the additional element of taking from the person or his zone of control.

1975.) If the statute describing the greater crime includes more than and yet all of the statutory elements of the lesser, it may be said the latter is a "necessarily and included lesser offense." The acts proscribed by the robbery statute include the element of force or putting in fear not contained in the stealing statute and includes as well all elements for the crime of stealing $50.00 or more. The Court of Appeals expressed concern that the necessity of proving a specific value of property taken (i. e., proof of value at $50.00 or more) to impose punishment pursuant to § 560.161.1(2) required proof of an element not present in a charge of robbery. Stated otherwise, because the crime here involved required proof that the value of the property stolen must equal $50.00 or more, that this is an "element" not included among the statutory elements of robbery, in which the property taken may be of any value. Hence, the Court of Appeals concluded, the lesser crime included an "element" not found in the greater. This overlooks the fact that to support the crime of robbery there must be proof that the item taken is property *that has value, State v. Phillips*, 511 S.W.2d 841, 844 (Mo.1974), and we believe the term "value" encompasses amounts from the least (e. g., 1 mill or less) to the greatest (there is no maximum). Clearly robbery includes taking property of *any value*, a concept sufficiently broad to include amounts ranging from something more than zero to $49.99 (a misdemeanor under § 560.161.1(1)) as well as amounts of $50.00 or more (a felony under § 560.161.-1(2).) In this connection it has been held where the crime charged is stealing $50.00 or more, and the proof demonstrates the value of the property taken is less than $50.00, such will support a submission of the misdemeanor as a lesser included offense. *State v. Saffold*, 563 S.W.2d 127, 129 (Mo. App.1978). Thus the concept of "value," included within the term "property" by judicial interpretation as an element of the robbery statute, *State v. Phillips, supra*, is "value" in the broadest sense, encompassing property ranging in amounts from the least to the greatest worth. Also within the scope of that concept are the corresponding elements in the crimes of stealing less than $50.00 (misdemeanor) and that of stealing property valued at $50.00 or more (felony). If we were to adopt a contrary holding, a defendant charged with robbery could on proper proof be convicted and punished for both robbery and stealing of $50.00 or more. By the same token a defendant facing a charge of stealing property valued at $50.00 or more, could be convicted and punished under both the felony and misdemeanor larceny statute. Such results would be intolerable and similar to that recently decried in *State v. Sours*, No. 61458, 593 S.W.2d 208 (Mo.banc 1980). We affirm.

DONNELLY, SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

BARDGETT, C. J., concurs in result.