**STATE of Missouri, Respondent,**

v.

**Dennis DICKERSON, Appellant.**

**No. 42152.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1980.

Robert C. Babione, Public Defender, James L. Porter, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of first degree robbery. Section 569.020, RSMo. 1978. The trial court assessed punishment at twenty years pursuant to the Dangerous Offender Statute, § 558.016, RSMo. 1978.

The evidence for the state demonstrated that defendant robbed one R. B. Reece of his wallet in the City of St. Louis on March 8, 1979, with the aid of a gun. The defense was one of alibi.

Defendant has charged the trial court with error in its refusal to instruct the jury on the lesser offenses of second degree robbery and/or stealing. Defendant submits that instructions on these lesser offenses were required because there was no evidence that the pistol used to effectuate the robbery was a "dangerous or deadly instrument."

Defendant was convicted of having forcibly stolen property by the display or threatened use of *what appeared to be* a deadly weapon or dangerous instrument. See § 569.020.1(4), RSMo. 1978. Thus, whether or not the gun was, in actuality, a dangerous or deadly instrument was only important insofar as it was likely to create the victim's reasonable belief that it was capable of effecting him great bodily harm. *State v. Blevins*, 581 S.W.2d 449, 453 (Mo. App.1979). The victim herein testified that defendant pointed at him what appeared to

be a nickel plated, automatic pistol, of either .357 magnum or .38 caliber, announced a hold–up and demanded his wallet. No other proof was required.

 Second degree robbery and stealing are lesser included offenses of robbery first degree. Section 569.030, RSMo. 1978; *State v. Littlefield*, 594 S.W.2d 939, 941 (Mo. banc 1980). Second degree robbery prescribes all other forcible thefts which do not amount to first degree robbery. However, instructions regarding these lesser included offenses are only appropriate if there exists substantial evidence of their commission. *State v. Williams*, 577 S.W.2d 59, 61 (Mo.App.1978); *State v. Pride*, 567 S.W.2d 426, 431 (Mo.App.1978). In the present instance, there existed no evidence of a robbery committed by any method save first degree. In the absence of such evidence, the court committed no error by refusing to instruct down.

Defendant last complains of the prosecutor's closing argument and, in particular, that portion which referred to defendant's failure to call one James McPherson as a witness. The allegedly objectionable portion of the prosecutor's argument and defense counsel's objection thereto, follows:

"MR. RAVETTA: Dennis Dickerson went in that store. He hit it. He robbed it. James McPherson cased it and they left. And we're talking about people not being here? Where is James McPherson? The man who could clear this all up, supposedly, is not here. He knows where he lives. James McPherson could have backed up his story.

MR. PORTER: Your Honor, I'll object to him talking about calling a witness. He's equally available to either side, perhaps more so for the State.

THE COURT: Overruled."

The state's evidence had a tendency to show that McPherson "cased" the confectionery for defendant immediately before the robbery, but that it was defendant who actually perpetrated the crime. A witness then followed defendant to McPherson's apartment where police eventually arrested defendant, McPherson and McPherson's "la-dyfriend." The police also recovered the victim's wallet, the pistol used in the hold–up, together with a coat similar to that worn by the robber at the McPherson residence.

Defendant admitted being a friend of McPherson and McPherson's girlfriend, but denied the robbery and knowledge of those items seized by police. Defendant claimed that he had only recently arrived when police entered and could not account for McPherson's activities prior to his arrival.

 Thus, the evidence disclosed a community of interest between defendant and McPherson such that the latter would be expected to take the stand as a valuable defense witness. Under these facts, McPherson was not a witness equally available to both parties and the comment of the prosecutor was not reversibly erroneous. *State v. Collins*, 587 S.W.2d 303, 307 (Mo.App.1979); *State v. Wilkerson*, 559 S.W.2d 228, 229–30 (Mo.App.1977).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.