STATE of Missouri,
Plaintiff-Respondent,

v.

Franklin MOORE, Defendant-Appellant.

No. 42963.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1981.

Joseph W. Downey, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for appellant-defendant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

The jury found defendant guilty of robbery in the second degree and assessed his punishment at five years imprisonment in the Division of Corrections. From the judgment based on this verdict, defendant has appealed contending first that he was entitled to have the jury instructed on the lesser offense of stealing; and second, the trial court erred in granting defendant's trial counsel a thirty-day extension to file the motion for new trial contrary to Rule 29.11(b) thereby giving rise to a claim of ineffective assistance of counsel. We first consider the charge of ineffective assistance of counsel.

Rule 29.11(b) provides that a motion for new trial should be filed within fifteen days after the return of the verdict. This time may be extended for an additional period not to exceed ten days for good cause shown. The rule became effective January 1, 1980. Prior to that time Rule 27.20(a) required that the motion be filed within ten days after the return of the verdict, provided: that upon application, the court could extend the time for an additional period of thirty days. When the jury returned its verdict of guilty on March 5, 1980, defendant's trial counsel sought and obtained an additional thirty days' exten-

sion in which to file the motion for new trial. The motion was filed within the thirty days granted by the trial court but more than the twenty-five days maximum time allowed by the new rule which had become effective some four months before. On October 10, 1980, this court notified counsel on appeal that the motion for new trial was untimely and that this court could only review the points relied on as matters of plain error.

Defendant's counsel on appeal now contends that ineffective assistance of counsel is disclosed by the record on appeal and therefore we can consider that issue at this time rather than later in an appeal upon a Rule 27.26 proceeding. Defense counsel relies upon *State v. Bosler*, 432 S.W.2d 237, 239 [5] (Mo.1968) which intimated that ineffective assistance of counsel could be considered on direct appeal when the record on appeal supported this contention.

We do not find that we have to consider this contention for the reason that even if we were to consider the matters advanced by defendant on appeal as having been properly presented in the motion for new trial and raised on appeal, they are not persuasive that the defendant was entitled to a new trial. In other words, even if the assignments of error had been properly preserved, they would not have led to a reversal of the appellant's conviction. The appellant is therefore not prejudiced by the untimely filing of his after-trial motion as will be more fully pointed out in a discussion of the issues raised and the issue of ineffective assistance of counsel is moot.

■ Defendant's attack on the judgment below centers around a refusal of the trial court to give defendant's Instruction A which authorized the jury to consider a lesser offense of stealing over $150. Defendant's position on this instruction is premised upon the assertion that stealing over $150 is a lesser included offense of robbery second degree. This is a correct declaration of the law. *State v. Littlefield*, 594 S.W.2d 939, 942 (Mo. banc 1980). It is elementary, however, that before an instruction may be submitted to the jury

there must be a basis for it in evidence and it is not error to refuse to give an instruction that lacks evidentiary support. *State v. Perry*, 565 S.W.2d 841, 844 [5] (Mo.App. 1978). *State v. Littlefield, supra*, recognizes this. There three men came into a tavern before closing time. A fourth man identified as the defendant entered the tavern about a half hour later than the others and then after purchasing a beer joined them at a table. One of the first three seized the bartender while another assisted him. While this was being done the defendant and the other member of the group went behind the bar and took money out of the cash drawer. Defendant offered evidence indicating that he had entered the tavern by himself and that he ordered a beer as he walked into the rest room. When he came out he saw three customers scuffling with the bartender and he left the bar without offering to aid the bartender victim. He denied involvement in the robbery. The trial court submitted the lesser included offense of stealing to the jury and the jury convicted defendant of this charge. On appeal the conviction was affirmed on the basis that substantial evidence supported the submission of the lesser offense and that it was proper to so instruct. There is no such evidence in the present case.

Here, the victim was accosted by defendant Moore and a companion in a rest room of a downtown St. Louis hotel. As the victim was washing his hands one man pushed some hard object in the victim's back and said "[t]his is a stickup." The victim was forced into a toilet stall by the two men where they removed the victim's watch and wallet from his person. Both the watch and the money contained in the wallet were recovered by the police, and the defendant along with his companion were identified by the victim within a half hour after the robbery had occurred.

■ Defendant, however, attempts to justify his position in regard to the giving of Instruction A by asserting that where the evidence is sufficient to submit the offense of robbery second degree, it is auto-

matically sufficient to support the submission of the lesser included offense of stealing over $150 because the jury was entitled to believe or disbelieve any part of the evidence. Defendant urges that the jury was free to believe the testimony of the owner of the property taken that it exceeded the value of $150. At the same time he maintains that the jury was also free to believe or not to believe that these items were taken in the manner described by the victim to the effect that the two men who accosted him stuck something in his back, told him it was a stickup, and one of them then grabbed him by the arm and forced him into a toilet stall where the items were taken. Defendant denied involvement. Reasoning from these facts the defendant then says that the element of force was part of the State's case and must be proved by the State beyond a reasonable doubt. Therefore, he submits the rule requiring there be evidence to support a verdict should be read to permit the jury to disbelieve evidence and therefore open the way to support a verdict of guilt on a lesser included offense. This, however, is not the law. Even though a jury may disbelieve some of the evidence of the State or may decline to draw some or all of the permissible inferences, such latitude does not entitle the defendant to an instruction otherwise unsupported by evidence. *State v. Achter*, 448 S.W.2d 898, 900 [3] (Mo.1970).

Instructions on an included or lesser offense are normally compelled only when there is evidentiary support for such offense. *State v. Sturgell*, 530 S.W.2d 737, 739 [5] (Mo.App.1975). The only evidence produced by the defendant here concerned an alibi. There was no evidence in the State's case that the defendant stole without force. The judgment is affirmed.

PUDLOWSKI, P. J., and GUNN, J., concur.