**STATE of Missouri, Respondent,**

v.

**Steven James TOMPKINS, Appellant.**

**No. WD 32495.**

Missouri Court of Appeals,
Western District.

March 30, 1982.

Lee M. Nation, Nation & Curley, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Tompkins was convicted upon jury trial of assault with intent to kill without malice, § 559.190, RSMo 1969 (repealed January 1, 1979). In accordance with the jury's verdict he was sentenced to five years' imprisonment.

He has appealed to this court. His single point on appeal is that the court erred in failing to instruct the jury on self-defense. He asks us to review this omission as plain error, Rule 29.12(b), since the point was not preserved by inclusion in a motion for a new trial as required by Rule 29.11(d).

The facts briefly stated are as follows:

Defendant and one Hagler, whom the defendant was convicted of shooting, were competitors for the affections of Vera. Defendant and Hagler had had more than one angry confrontation, one of which was an altercation which issued in the breaking of appellant's leg.

On the night of the assault with which we are here concerned, Vera had had dinner with Hagler at his house. She left after dinner for some errands. When she did not return, Hagler several times attempted to phone her house. Each time the receiver would be lifted and replaced. At about midnight he went to Vera's house, and found Vera's car and defendant's pickup truck parked outside the darkened house. This made him suspicious. Parking his car nearby he walked onto a vacant lot adjacent to the house. He attempted to look into the house from a ridge in the vacant lot. Unable to see into the house, according to his testimony, he turned to return to his car. He saw defendant Tompkins standing six to ten feet away holding a gun pointed in his direction. According to Hagler, Tompkins said, "I told you I was going to blow your s--t away", and fired the gun. The bullet struck Hagler in the stomach. Defendant ordered Hagler to leave or he would shoot him between the eyes. Tompkins continued to point the gun toward Hagler as Hagler returned to his car.

Defendant's own testimony was that he and Vera were asleep at Vera's house, when Vera awakened him. Her dog was howling, and she wanted defendant to investigate. He took the gun which Vera kept under the mattress and went outside to investigate. He discovered a man hiding in the bushes. He commanded the intruder to come out. When he emerged, Tompkins recognized him as Hagler. He lowered his gun. He ordered Hagler to leave, and twice repeated the order. Hagler did not leave but advanced toward defendant. He lunged at defendant and defendant fired a warning shot toward the ground. He testified that he never intended the bullet to hit Hagler. Hagler turned and walked toward the empty lot and toward the street.

Hagler testified that he drove to a nearby all-night convenience store and had the police called. He was taken to a hospital where he was a patient for 21 days, undergoing treatment for the wound he had received.

1. *Mutual exclusivity of accident and self-defense defenses where both depend upon defendant's own testimony.*

Before the instructions were read to the jury, the trial judge told defendant's coun-

sel that he would submit either a self-defense instruction or an accident instruction but not both. Defense counsel elected to have the accident instruction given.

The trial court correctly omitted the self-defense instruction after the defendant elected to have his case submitted upon an accident theory. The testimony both of accident and of self-defense rests wholly upon the testimony of the defendant himself. In such a case, the two defenses are mutually exclusive. The case is ruled by *State v. Peal*, 463 S.W.2d 840, 841–842 (Mo.1971), wherein Judge Morgan wrote:

> As noted, an accident instruction was given but defendant contends he also was entitled to a self-defense instruction ... However, by the established law of this state, a defendant alone cannot provide the basis for such inconsistent defenses ... Under comparable facts ... in *State v. Baker*, Mo., 277 S.W.2d 627, ... the court held, loc. cit. 629–630: "In the instant case, defendant relies upon his own testimony as the basis for the inconsistent defenses. This *cannot be permitted*. His positive testimony that the shooting was accidental and unintentional would clearly negative any possible inference of self-defense based upon other facts appearing in his testimony. In this situation, it follows that there was no substantial evidence upon which a self-defense instruction could have been based."

To the same effect, see *State v. Sivils*, 589 S.W.2d 617, 619 (Mo.App.1979); *State v. Harkins*, 535 S.W.2d 462, 463–464 (Mo.App. 1976); *State v. Walker*, 525 S.W.2d 826, 828 (Mo.App.1975).

2. *Entitlement to both self-defense and accident instructions if supported by evidence from witnesses other than defendant.*

It was noted in *State v. Peal*, supra at 842, that if the evidence justifying the instruction on the inconsistent defense of self-defense had been offered by the state or proved by third-party witnesses for the defendant, then the court would have been required to give both self-defense and accident instructions, even though inconsistent.

Defendant Tompkins undertakes to bring the instant case within the latter rule. He points out that other evidence in the case shows that appellant had previously been injured by Hagler, referring to the broken leg suffered by appellant in an earlier altercation; that Hagler had left threatening notes on appellant's car; and that Hagler on the night of the assault, according to a statement he had made to Vera the next morning, had threatened the appellant. While all these facts would have relevance on the issues of appellant's belief that he stood in imminent danger of death or great bodily harm as Hagler advanced upon him, and the reasonableness of such belief, still they do not by themselves support a defense of self-defense, *State v. Peal*, supra at 842–843. The only evidence in this case which would justify a self-defense instruction is the testimony of the defendant himself that Hagler was advancing toward him and lunged toward him, that he was afraid, and that he fired the shot which (as it turned out) struck and wounded Hagler. But defendant testifies himself out of his self-defense instruction when he says that his shooting Hagler was not in self-defense but was unintentional. *State v. Peal*, supra.

The judgment is affirmed.

All concur.