**STATE of Missouri, Respondent,**

v.

**Roosevelt WILDER, Appellant.**

No. 44238.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

---

William J. Shaw, Public Defender, William J. Aylward, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Prosecuting Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Roosevelt Wilder guilty of the first-degree robbery of Dorothy Sieving. Defendant's sole point is that the court erred in refusing his instruction on second-degree robbery. We limit our statement of facts to that issue.

The victim testified that in taking her purse the robber struck her head with "a hard, blunt instrument", "three or four inches in diameter". The victim was x-rayed and treated at a hospital for shock and severe abrasions.

Defense witnesses testified to an alibi.

First-degree robbery Section 569.020 1.(2) RSMo. 1978 applies when the robber is "armed with a deadly weapon". The court defined that as an instrument "readily capable of causing death or other serious physical injury". The weapon here could and did cause such injuries. In contrast, second-degree robbery Section 569.030 RSMo. 1978 requires only unspecified force.

In *State v. Harris*, 598 S.W.2d 200 [6–9] (Mo.App.1980) the court ruled: "Where the evidence shows that the defendant was either guilty of the offense charged or guilty of no offense at all (as this defendant contended) there is no evidence to support the submission of a lesser included offense." And, in *State v. Dickerson*, 607 S.W.2d 196 [3–5] (Mo.App.1980) we held an instruction on a lesser included offense is proper only when there is substantial evidence of its commission; here there was none.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.