STATE of Missouri, Respondent,

v.

George M. CASCONE, Appellant.

No. WD 33426.

Missouri Court of Appeals,
Western District.

Feb. 8, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
March 29, 1983.

Application to Transfer Denied
April 26, 1983.

Robert G. Duncan, Gladstone, for appellant.

John Ashcroft, Atty. Gen., and Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

KENNEDY, Judge.

Appellant was convicted upon jury trial of stealing from the person, § 570.030.2(2), RSMo 1978. That subparagraph makes stealing a Class C felony if "[t]he actor physically takes the property appropriated from the person of the victim." The defendant in pursuance of the jury verdict was sentenced to one year in the county jail, and he appealed to this court.

The facts of the alleged crime are as follows:

As defendant and his wife were driving along North Oak Street late at night on June 19, 1981, their station wagon was struck in the rear by an automobile driven by 17-year-old Patrick Greisen. Greisen continued on without stopping. He turned off North Oak Street onto Hill Street. Hill Street proved to be a dead-end street, and Greisen turned around. He then was confronted by defendant's car, which came driving along Hill Street in the opposite direction. Both cars stopped, and Greisen and the defendant got out of their respective cars.

Greisen testified that defendant had a gun. He tried to apologize to defendant but defendant said an apology wasn't enough and demanded $50 for his damages.

Greisen testified he was very scared. He told defendant he only had $40 and gave him two $20 bills. Defendant saw that he had other money and demanded $20 more. He eventually gave defendant a total of $70. He testified that the defendant swung at him with the gun and struck him on the chest, tearing his shirt pocket. Defendant then put his gun back in the station wagon, obtained a pool ball and, using the pool ball, shattered his windshield, hit his passenger side and broke out the glass in the driver's side of the door. He also testified that defendant struck the hood of his car three times with the gun butt, kicked the driver's door and the left front fender of the car, and broke off Greisen's key in the ignition so that he could not leave.

Then defendant got back into his own automobile and left, the lady driving.

Defendant in his own defense testified that he had no gun, denied damaging Griesen's car and denied obtaining any money from him. He said that when he got out of his car Greisen was acting violent and crazy and was yelling. He said that Greisen threw the pool ball at him and that he picked it up and threw it back.

## I

Defendant complains of the court's refusal of his requested instruction on the special negative defense of defendant's acting with the honest belief of claim of right, § 570.-070(1), RSMo 1978.

■ The point is denied. Defendant testified that he had not taken, demanded or received money from Greisen. A defense that he had done so, but "in the honest belief that he had the right to do so," was inconsistent with his own testimony. The court was right in refusing the instruction upon the inconsistent defense.

Defendant cites in support of his position *State v. Rust,* 468 S.W.2d 205 (Mo.1971), where a conviction was reversed for the court's failure to give an instruction upon stealing from the person in a first-degree robbery case. Defendant's witness (defendant did not testify himself) testified to the facts which would make the crime a stealing instead of a first-degree robbery, but further denied that defendant was one of the perpetrators of the alleged stealing. The state unsuccessfully maintained on appeal that no stealing instruction was required since the evidence supporting the stealing hypothesis came from a witness who denied defendant's participation therein. The court held that the jury might believe the stealing part of the witness's testimony, yet reject the part which denied that defendant was the culprit—and so it was error to refuse the stealing instruction. In our case, though, it was defendant *himself* who stated he did not commit the act charged against him, honest claim of right or no, and this is the difference between the *Rust* case and ours. See also *State v. Tompkins,* 632 S.W.2d 50, 52 (Mo.App.1982).

Furthermore, § 570.070(2) provides that "defendant shall have the burden of injecting the issue of claim of right." There is nothing at all in this evidence to suggest such a claim on defendant's part. *State v. Quisenberry,* 639 S.W.2d 579, 585 (Mo. banc 1982).

## II

Appellant then complains of the court's submitting an instruction on stealing from the person.

He says that stealing from the person is not a lesser-included offense of first-degree robbery, and it was therefore not included in a charge of first-degree robbery in the information. He agrees that stealing is generally a lesser-included offense of first-degree robbery, *State v. Littlefield,* 594 S.W.2d 939, 941 (Mo. banc 1980); *State v. Dickerson,* 607 S.W.2d 196, 198 (Mo.App. 1980), but argues that stealing where "the actor physically takes the property appropriated from the person of the victim," § 570.030.2(2), RSMo 1978, is not such a lesser-included offense. He points out that first-degree robbery does not require the proof of taking from the person or presence of the victim, as it formerly did, § 560.120, RSMo 1969, now repealed. As we understand his argument, the property in a first-

degree robbery case might be stolen from another person or another place as the victim was held captive at gunpoint. Stealing from the person, § 570.030.2(2), RSMo 1978, though, does require proof of stealing from the actual person or within the zone of control, *State v. Jones,* 499 S.W.2d 236, 240 (Mo.App.1973), an element (so defendant argues) not included in the crime of first-degree robbery, § 569.020, RSMo 1978. Therefore, defendant says, the crime of stealing from the person requires proof of an element *which is not necessarily included in the greater offense of first-degree robbery. State v. Littlefield,* 594 S.W.2d at 941–42. It is not, therefore, the argument goes on, a lesser-included offense but a different offense.

*State v. Littlefield,* supra, considered a similar question. The defendant there charged with first-degree robbery had been convicted of stealing property of the value of more than $50. The Eastern District of the Court of Appeals doubted that stealing property of a value greater than $50 was a lesser-included offense of first-degree robbery, because the former offense required proof of value of the stolen property of more than $50, whereas first-degree robbery required no proof of value. Our Supreme Court held, though, that stealing property of a value of more than $50 was a lesser-included offense of first-degree robbery. Judge Rendlen wrote, 594 S.W.2d at 942:

> Clearly robbery includes taking property of *any value,* a concept sufficiently broad to include amounts ranging from something more than zero to $49.99 (a misdemeanor under § 560.161.1(1)) as well as amounts of $50.00 or more (a felony under § 560.161.1(2)).

The opinion continued:

> If we were to adopt a contrary holding, a defendant charged with robbery could on proper proof be convicted and punished for both robbery and stealing of $50.00 or more. By the same token a defendant facing a charge of stealing property valued at $50.00 or more, could be convicted and punished under both the felony and

misdemeanor larceny statute. Such results would be intolerable and similar to that recently decried in *State v. Sours,* No. 61458, 593 S.W.2d 208 (Mo. Banc 1980).

■ *Littlefield* answers defendant's contention. Stealing, § 570.030, RSMo 1978, is a lesser-included offense of first-degree robbery. While proof that "[t]he actor physically takes the property appropriated from the person of the victim" makes the stealing a Class C felony rather than a Class A misdemeanor, that does not make it a different crime; the physical taking from the person is not a statutory element of the offense. If they were different crimes (to expand on Judge Rendlen's observation in *Littlefield* ) a man might for a single heist from the person of the victim be convicted of two separate crimes—stealing from the person and first-degree robbery. They are the same crime, not separate and distinct crimes.

It was proper, then, to instruct and to convict on stealing from the person, unless defendant's final argument is valid. That argument is that there was no evidence to support the giving of the stealing instruction. The state's only witness testified to the defendant's use of a gun whereby he forced him to give over the money. Defendant on the other hand denied the use of the gun and the appropriation of the money. Defendant says the jury was obliged to accept the one version or the other, and they could not believe some third version lying somewhere between the two.

We first notice that we are not dealing here with the more usual argument that the court erred in not giving the stealing instruction. *State v. Houston,* 451 S.W.2d 37 (Mo.1970); *State v. Herron,* 349 S.W.2d 936 (Mo.1961); *State v. Dickerson,* supra; *State v. Sykes,* 569 S.W.2d 254 (Mo.App.1978); *State v. Johnson,* 559 S.W.2d 756 (Mo.App. 1977); *State v. Ax,* 546 S.W.2d 549 (Mo. App.1977); *State v. Sampson,* 546 S.W.2d 9 (Mo.App.1976). These cases only bear out § 556.046.2, RSMo 1978, which says: "The court shall not be *obligated* to charge the jury with respect to an included offense

unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." (Emphasis supplied.) To say that the court shall not be *required* to give an instruction on the lesser-included offense is not necessarily to say that he *must not* do so. We have held that there is no prejudice to the defendant in the court's giving an instruction upon a lesser-included offense. See *State v. Gardner,* 356 Mo. 1015, 204 S.W.2d 716, 717 (1947); § 545.030.1(17), RSMo 1978. See also *State v. Cox,* 508 S.W.2d 716, 723–24 (Mo.App.1974).

### III

Defendant then argues that there is no evidence to support the verdict of stealing from the person. He says that a conviction of "physically [taking] the property appropriated from the person of the victim" requires that it must be "physically seized, snatched, grabbed, pulled or cut from the victim." Defendant then says: "There was no evidence Defendant physically took [the money] from Greisen. Indeed, under the evidence we don't know if Greisen laid the money down and Defendant picked it up or how it passed from him to the Defendant."

Defendant thus urges us to give to the statutory language a very narrow interpretation. This we decline to do. It may be inferred from Greisen's testimony that the money was in a billfold in his pocket; that he took the billfold from his pocket, took the money therefrom and handed it to defendant, even though the exact movements were not minutely described. Even if he laid it down and defendant picked it up, under the circumstances of this case, we would have little difficulty in holding that would amount to "[physical taking] of the property from the person of the victim." See *State v. Jones,* 499 S.W.2d at 240.

The judgment is affirmed.

All concur.