STATE of Missouri,
Plaintiff-Respondent,

v.

Barry George McBRIDE,
Defendant-Appellant.

No. 13569.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 1985.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 15, 1985.

Application to Transfer Denied
April 2, 1985.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender, Joplin, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of the class C felony of stealing at least $150 from one Marie Helm. § 570.030 [1]. In accordance with the verdict he was sentenced to imprisonment for a term of five years. Defendant appealed.

A complaint was filed charging defendant with second degree robbery in violation

---

**1.** Statutory references are to V.A.M.S.

of § 569.030. Defendant was bound over to circuit court for trial where an information was filed June 10, 1983, charging second degree robbery. On August 11, 1983, a first amended information was filed charging (Count I) second degree robbery and (Count II) first degree burglary in violation of § 569.160. Defendant's motion to remand the case for a preliminary hearing on Count II was sustained. Following that hearing and defendant being bound over to circuit court on Count II, a second amended information was filed September 23, 1983, charging stealing in Count I and first degree burglary in Count II.

The third amended information was filed October 6, 1983. In Count I thereof, defendant was charged with feloniously stealing at least $150 as denounced by § 570.-030. Count II of the third amended information again charged defendant with first degree burglary. Defendant filed a motion to dismiss Count II of the third amended information but withdrew the motion within a week of filing. However, on October 26, 1983, the day of trial, Count II of the third amended information was dismissed without prejudice as again moved by defendant. It should be noted that Count I of the third amended information of which defendant was convicted was never attacked in circuit court as charging a distinct or different offense which required a new or separate preliminary hearing.

▬ In substance, defendant's first point relied on is that the court nisi lacked jurisdiction to try defendant for felonious stealing as charged in the third amended information because he had not been afforded a preliminary hearing on that charge and because the information was improperly amended to allege an offense different from second degree robbery as originally charged. The first difficulty with defendant's point is that a preliminary hearing is a procedure which is waived if defendant, as here, proceeds to trial without objection or making a request for such a hearing. When the defendant here did not move for a preliminary hearing on Count I of the third amended information charging him with felonious stealing instead of second degree robbery as formerly charged, the need for a preliminary hearing, if so, was waived. *Davis v. State*, 651 S.W.2d 497, 498[2, 3] (Mo.App.1982); *Bryant v. State*, 604 S.W.2d 669, 677[10] (Mo.App.1980). Also, because felonious stealing has been determined to be a lesser included offense of robbery, Count I of the third amended information did not charge a distinct and different crime requiring a preliminary hearing thereon. *State v. Littlefield*, 594 S.W.2d 939, 941–942[3–6] (Mo. banc 1980); *State v. Cascone*, 648 S.W.2d 190, 192[2] (Mo.App.1983). Defendant's first point relied on is denied.

To better understand defendant's second and final point relied on, we recast some of the trial testimony. Marie Helm, 82 years of age, owned the two story Gateway Hotel in Joplin. Guest rooms and two bathrooms occupied the second floor, while Ms. Helm's living quarters and the hotel's office were located on the first or ground floor. Defendant had been a paying guest at the hotel from March 22 to 29, 1983, and had thereafter "several times" returned to "look about his mail." Georgia Marshall, Ms. Helm's sister, resided in a room on the second floor of the hotel and assisted her sister with hotel chores. In fact, it was Ms. Marshall who had checked defendant in and out of the hotel at the time of his occupancy.

The night of May 3, 1983, Ms. Helm was in Ms. Marshall's second floor room bathing her back with liniment. Ms. Helm had brought her purse and bank bag containing in excess of $150 with her while ministering unto her sister. Upon completion of the treatment, Ms. Helm went to the second floor ladies' restroom to wash her hands and found the light out with defendant therein. Although defendant claimed to Ms. Helm he had just taken a bath, he was fully clothed. Because defendant "wasn't supposed to be in the building, let

alone in the bathroom," Ms. Helm repeatedly insisted that he leave. Defendant resisted and Ms. Helm only succeeded in getting him into the hallway and near the sister's room where Ms. Helm directed her sister "to go down and call the law to get him out of the building." Ms. Marshall went down the stairs and summoned the police via telephone. After the sister left her room, defendant entered it, grabbed the bank bag and its contents from Ms. Helm's purse and fled the premises before police arrival. When Ms. Helm was asked at trial if she had ever seen "the defendant in your hotel again after that night," she answered "No" and explained that the next time after May 3, 1983, she had seen the defendant in person was in the courtroom of the courthouse when she had testified at the two preliminary hearings.

Ken Copeland, a Joplin police officer, was called as a state's witness and defendant, out of the jury's hearing, objected thereto because of supposed discrepancies between the just recast testimony of Mmes. Helm and Marshall and the officer's prior recountings concerning an oral confession made by defendant following his arrest on May 17, 1983. According to defense counsel the officer's previous accountings of the confession did not refer to the May 3, 1983, stealing charge then on trial as the alleged confession concerned money defendant had reportedly taken out of a purse "sitting on the desk in the office, not [in the upstairs] living quarters." Noting it was not unusual that a defendant's statements did not completely coincide with the state's other evidence and were frequently tempered to soften the charge filed, the court overruled defendant's objections. During Copeland's testimony his only references were to the May 3 stealing and defendant's purported confession of May 17 wherein defendant had orally told him that while inside the office area of the hotel he had taken $60 from a purse lying on a desk. At trial, defendant denied having made such a statement.

■ It was not until defendant's after trial motions and arguments thereon were presented to the trial court that the court nisi was made aware that police had investigated a May 14 complaint that defendant had entered the Gateway Hotel telling Ms. Helm a person was sleeping on the hotel's front steps and that when Ms. Helm went to investigate, defendant was suspected of going into Ms. Helm's downstairs quarters and taking $50 to $100 from her purse. When the after trial motions were viewed and argued, the court assured counsel that neither he nor the jury were ever made aware of an alleged and independent incident occurring on May 14 and defense counsel ceded "I admit I could have done a better job in bringing it out at trial ... I didn't make it clear to the court."

■ At the trial defendant testified and denied ever having made the same or similar statements attributed to him by Officer Copeland. As the foregoing attests, neither the court nor the jury were ever made aware of the alleged May 14 theft and defendant's trial objections to Copeland's testimony were never predicated upon the happening of a second theft. "Assignments of error regarding admissibility of evidence are not for consideration on appeal unless they were timely presented to the trial court when the evidence was offered. *State v. Rideeoutte,* 572 S.W.2d 877, 879[4] (Mo.App.1978); *State v. Broadnax,* 572 S.W.2d 224, 226–227[1] (Mo.App. 1978); *State v. Simmons,* 500 S.W.2d 325, 328[2, 3] (Mo.App.1973). Or, differently stated, alleged errors not [timely and pointedly] objected to at trial are waived [*State v. Morgan,* 444 S.W.2d 490, 494[6] (Mo. 1969)] and cannot be subsequently resurrected successfully in a motion for a new trial or via a point raised on appeal. *State v. Hulsey,* 557 S.W.2d 715, 718[5] (Mo.App. 1977)." *State v. McMillin,* 581 S.W.2d 612, 616[5] (Mo.App.1979). Defendant's final point relied on is denied and the judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.