STATE of Missouri, Respondent,

v.

Darryl BROWN, Appellant,

Darryl BROWN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 69171, 71363.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1997.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Darryl Brown, appeals the judgment entered on his conviction for stealing a motor vehicle, Sec. 570.030, RSMo 1994 *, for which he was sentenced to two years imprisonment. We affirm.

The evidence viewed in the light most favorable to the verdict is as follows. On February 25, 1995, Anthony Thomas was working at Papa John's Pizza. Thomas delivered pizzas using a car owned by the store manager, John Bianchi. Before the restaurant closed for the night, Thomas asked Bianchi if he could use the car to go home and change clothes. Bianchi agreed, and Thomas left in Bianchi's car.

On the way to change his clothes, Thomas stopped at a liquor store. As he pulled in the parking lot, Thomas saw defendant, whom he knew from school and from "the neighborhood," standing in front of the store. Defendant asked Thomas if he could get a ride. Thomas responded that if they were going the same direction, he would drop him off. Thomas then went into the store.

When Thomas exited the store, defendant pulled out a gun and said, "[h]ey, give me the keys to the car and your money." Thomas handed the keys to defendant and defendant got into the car and drove away. Thomas then went to a pay phone and called the police.

Defendant was charged by indictment with robbery in the first degree, Sec. 569.020. After a jury trial, defendant was convicted of the lesser included offense of stealing a motor vehicle, Sec. 570.030.

■■■ his first point on appeal, defendant claims that the trial court erred in submitting an instruction on stealing a motor vehicle as a lesser included offense to first degree robbery. Defendant asserts that stealing a motor vehicle is not a lesser included offense of robbery, and it was therefore not included in

* All statutory references are to RSMo 1994.

the charge of first degree robbery in the information.

■■■ Due process requires that a defendant cannot be charged with one offense and be convicted of another. *State v. Shipley*, 920 S.W.2d 120, 122 (Mo.App.1996). "Therefore, a trial court may not instruct on an offense not specifically charged unless it is a lesser included offense." *Id.*

■■■ In order for an offense to be a lesser included offense, the greater offense must encompass all the legal and factual elements of the lesser. *State v. Seddens*, 624 S.W.2d 470, 473 (Mo.App.1981). "A lesser offense is not included in a greater unless it is impossible to commit the greater without first committing the lesser." *Id.*

Defendant was charged with robbery in the first degree in violation of Sec. 569.020, which reads:

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Stealing, Sec. 570.030, under which defendant was convicted reads, in pertinent part as follows:

1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

* * *

3. Stealing is a class C felony if:

* * *

(3) The property appropriated consists of:

(a) Any motor vehicle, watercraft or aircraft. . . .

As defendant concedes, stealing is generally a lesser included offense of first degree robbery. *State v. Williams*, 784 S.W.2d 276, 281 (Mo.App.1989). However, he argues that because there is an added element that the property stolen must have been an automobile, it is not a lesser included offense in this situation. Our supreme court addressed a similar contention in *State v. Littlefield*, 594 S.W.2d 939 (Mo. banc 1980). In *Littlefield*, the court held that felony stealing based upon the value of the property stolen is a lesser included offense of robbery. *Id.* at 942. The court of appeals had doubted that stealing property of a value greater than $50.00 was a lesser included offense, because stealing required proof of value whereas robbery did not. *Id.* at 940. The supreme court, however, reasoned that the robbery statute included the taking of property of any value and, the concept of "value" was broad enough to encompass any amount, no matter how great or small. *Id.* at 942. Therefore, felony stealing based on the amount of the property stolen was a lesser included offense of robbery. *Id.*

Similarly, we find that the concept of "property," as used in the robbery statute, is broad enough to encompass any property, regardless of its character. Therefore, felony stealing based upon the type of property stolen is a lesser included offense of robbery. Point denied.

■ In his second point, defendant contends that the trial court plainly erred in overruling defendant's challenge for cause of venireperson Williams. Defendant argues that Williams was an active duty police officer working for the airport police and was therefore not eligible to serve on the jury.

■ We first note that since this point was not contained in defendant's motion for a new trial, we review only for plain error. Rule 30.20; *State v. Sielfleisch*, 884 S.W.2d 422, 429 (Mo.App.1994). Under plain error review, we will grant relief only if the trial

court's action resulted in manifest injustice or a miscarriage of justice. *State v. Childs*, 876 S.W.2d 781, 784 (Mo.App.1994). The defendant bears the burden of establishing that the alleged error resulted in manifest injustice. *Id.* .

Defendant bases his argument on Sec. 494.431, RSMo 1994, which reads:

**Police officers, St. Louis city, shall be excused from jury duty.**—Any police officer subject to this section shall be excused from service as a juror, either grand or petit.

Section 494.431 was enacted as part of Senate Bill 250, Sec. 84.160. Section 84.160 set the annual salary tables for police officers of the city of St. Louis. Therefore, when Sec. 494.431 refers to "[a]ny police officer subject to this section," it refers to any police officer subject to the pay scale set forth in Sec. 84.160, RSMo 1994. The security force for the airport is not entitled to compensation as set forth in that section. *Slater v. City of St. Louis*, 548 S.W.2d 590, 593 (Mo.App. 1977). Consequently, airport security personnel are not police officers "subject to" Sec. 494.431.

The trial court was, therefore, not required to excuse Williams from service on the jury pursuant to Sec. 494.431. Defendant suffered no manifest injustice by Williams' service on the jury. Point denied.

■ In his final point, defendant claims that the motion court clearly erred in denying, without an evidentiary hearing, his claims of ineffective assistance of counsel based on trial counsel's failure to properly object to the submission of the instruction on stealing a motor vehicle and failure to completely and correctly argue defendant's motion to strike venireperson Williams for cause.

■ Our review of an order denying postconviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k); *State v. Yarber*, 829 S.W.2d 479, 482 (Mo.App.1992). Its findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite

and firm impression that a mistake has been made. *State v. Preston,* 861 S.W.2d 627, 632 (Mo.App.1993).

Defendant states that he raises this point in part "as an alternative fo [sic] the arguments raised in Points I and II of this brief, in the event that this Court denies relief on Points I and II due to errors in preservation of those claims." A claim of ineffective assistance of counsel for failure to preserve issues for appellate review is not cognizable in Rule 29.15 proceedings. *State v. Grice,* 914 S.W.2d 360, 370 (Mo.App.1995).

Even if we were to review defendant's 29.15 motion on the merits, defendant would not prevail. Based on our disposition of defendant's points one and two, further objections to venireperson Williams or to the jury instruction would have been without merit. Trial counsel cannot be found ineffective for failing to make non-meritorious objections. *Sidebottom v. State,* 781 S.W.2d 791, 799 (Mo. banc 1989). Point denied.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.