STATE of Missouri, Plaintiff–
Respondent,

v.

James Darren RICKMAN,
Defendant–Appellant.

No. 23209.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 2, 2000.

Amy M. Bartholow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

James Darren Rickman (defendant) was convicted, following trial before the court without a jury, of escape from custody. He appeals the conviction alleging, among other things, that the evidence did not support his conviction of the offense with which he was charged. This court agrees. The judgment is reversed. The case is remanded with directions.

Defendant was confined in the Lawrence County jail following his arrest on various felony charges when he escaped through ceiling ductwork in his cell. The ductwork led to the roof. A lower panel on the roof was pried down. Defendant escaped through that gap.

Defendant was charged with escape from custody in violation of § 575.200.[1] That offense involves escape "while being held in custody after arrest for any crime." § 575.200.1. "[A] person is in custody when he has been arrested but has not been delivered to a place of confinement." § 556.061(7).

"'Place of confinement' means any building or facility and the grounds thereof

1. References to § 575.200 and § 575.210 are to RSMo 1986. References to § 556.061 are to RSMo Cum.Supp.1993. The incident that led to defendant's charge occurred April 26, 1994.

wherein a court is legally authorized to order that a person charged with or convicted of a crime be held." § 556.061(21). "A person is in confinement when he is held in a place of confinement pursuant to arrest or order of a court ...." § 556.061(4)(a).

■ The state concedes the merit of defendant's appeal acknowledging that because he was confined when he escaped, having already been delivered to a place of confinement, he did not escape "from custody" in violation of § 575.200. The evidence would have supported a conviction of escape from confinement in violation of § 575.210.1; however, defendant was not charged with or convicted of that offense.[2] "Due process requires that a defendant cannot be charged with one offense and be convicted of another." *State v. Brown,* 950 S.W.2d 930, 931 (Mo.App.1997). The judgment is reversed. The case is remanded. The trial court is directed to enter judgment of not guilty of the offense of escape from custody in violation of § 575.200.1.

CROW, P.J., and SHRUM, J., concur.

**2.** Section 575.210.1 provides that "[a] person commits the crime of escape ... from confinement if, while being held in confinement after arrest for any crime, ... he escapes ... from confinement."